977 So.2d 859 (2008)
Peterson M. YOKUM and Polly Elizabeth Anderson
v.
615 BOURBON STREET, L.L.C. d/b/a The Rock, Old Opera House, Inc. d/b/a Old Opera House and Willie Mintz.
No. 2007-C-1785.
Supreme Court of Louisiana.
February 26, 2008.
*861 Smith Stag, Stuart Housel Smith, Kimberly Wooten Rosenberg, New Orleans, Catherine Berry Cummins; Cooper Law Firm, Barry James Cooper, Jr., for applicant.
Irl Richard Silverstein, Gretna; Breazesle, Sachse & Wilson, Peter J. Butler, Jr., New Orleans, for respondent.
Keith J. Hardie, Jr., for amici curiae, French Quarter Citizens Inc., Faubourg Marigny Improvement Association, Faubourg St. John Neighborhood Association, Maple Area Residents Inc., Louisiana Landmarks Society, Vieux Carre Property Owners Residents & Association Inc., Louisiana Association for Justice, St. John Neighborhood Association, and Frank D'Amico, Jr.
Bruce Campbell Dean, Metairie, for amicus curiae, Louisiana Association for Justice.
KIMBALL, Justice.[*]
We granted certiorari in this matter to review the Court of Appeal's ruling that Defendant in this matter, 615 Bourbon Street, L.L.C., as owner and lessor of the premises upon which its lessee operates the bar "The Rock," is not liable to the plaintiffs for the alleged excessive noise associated with the loud music played by the bar, and is therefore entitled to summary judgment. For the reasons that follow, we find that the Court of Appeal erroneously concluded under the facts of this case that the defendant/owner and lessor of this property cannot be held responsible for the actions of its lessee under Article 667 of the Louisiana Civil Code. Accordingly, the Court of Appeal's decision affirming summary judgment is reversed, and the case is remanded for further proceedings.

FACTS AND PROCEDURAL HISTORY
Peterson M. Yokum is the owner of and resides at the premises located at 723 Toulouse Street in the French Quarter in New Orleans, Louisiana, with his wife, Polly Elizabeth Anderson. The property located at 723 Toulouse Street is zoned "Vieux Carré Commercial District-2 Mixed Residential" ("VCC-2"). The entity 615 Bourbon Street, L.L.C. is the owner and lessor of the premises located at 615-617 Bourbon Street. On October 15, 2003, 615 Bourbon Street, L.L.C. executed a commercial lease of property with O'Reilly Properties, L.L.C. ("O'Reilly"), leasing the premises located at 615-617 Bourbon Street in New Orleans, Louisiana, to O'Reilly to be "used exclusively for legitimate, commercial, purposes . . .". Moreover, the lease between 615 Bourbon Street, L.L.C. and O'Reilly stated that "Lessee is obligated not to use same for any purpose that is unlawful or that tends to injure or depreciate the property, and such unlawful, injurious or depreciatory use shall, if not cured after 5 days notice, constitute a breach thereof. . . .".[1] The *862 lease also stated that as "additional consideration for this lease, Lessee agrees to maintain at all times during the term of this lease a valid liquor license for the leased premises and to pay all expenses incidental thereto." O'Reilly thereafter began operating the bar The Rock on the premises owned by 615 Bourbon Street, L.L.C[2]
Plaintiffs, Mr. Yokum and Ms. Anderson, allege that they have been subjected to loud and ongoing live entertainment conducted at the bar known as The Rock, located at 615-617 Bourbon Street, beginning as early as 2003, which has prevented the proper quiet enjoyment of their home. As a result, in 2003, counsel for Mr. Yokum and Ms. Anderson sent separate letters via certified mail, with return receipt requested and confirmed, one to the attention of the Bar Manager at The Rock, 617 Bourbon Street, New Orleans, Louisiana, 70116, and one to 615 Bourbon Street, L.L.C, 3233 Lake Trail Drive, Metairie, Louisiana, 70003. The letter sent to the Bar Manager at The Rock was dated December 29, 2003, and advised him that the repeated and excessive noise emanating from their establishment was interfering with Mr. Yokum and Ms. Anderson's privacy, as well as their ability to use and enjoy their property. The letter further informed The Rock that if it did not reduce the noise emanating from its property, suit would be filed. Counsel also invited the opportunity to mediate and/or negotiate the matter so that it could be resolved without resorting to litigation.
Similarly, the letter sent by counsel for plaintiffs to 615 Bourbon Street, L.L.C, also dated December 29, 2003, included a copy of the aforementioned letter sent directly to The Rock, and informed 615 Bourbon Street, L.L.C. that if its tenant did not immediately cease and desist from its noisy activities, it may be held liable for any damages sustained by its neighbor as a result of its tenant's activities.[3]
Counsel for plaintiffs also sent a letter, dated April 7, 2005, to The Rock, 615 Bourbon Street, New Orleans, Louisiana, 70130, again informing it of the plaintiffs' claims of loud and offensive noise emanating from The Rock, and that if proper reductions in the noise did not take place, it would be sued. Again, counsel invited the opportunity to mediate and/or negotiate *863 the matter in an effort to avoid litigation.[4] However, plaintiffs claim that 615 Bourbon Street, L.L.C. took no action following receipt of the referenced letters to prevent or reduce the continued noise emanating from its property.
Plaintiffs, Peterson M. Yokum and Polly Elizabeth Anderson, thereafter filed a Petition for Damages and Declaratory and Injunctive Relief on July 20, 2005, in the Civil District Court for the Parish of Orleans, naming "615 Bourbon Street, L.L.C. d/b/a The Rock, Old Opera House, Inc. d/b/a Old Opera House and Willie Mintz" as defendants, and attaching the aforementioned letters as exhibits.[5] In their petition, plaintiffs allege that defendant 615 Bourbon Street, L.L.C. d/b/a The Rock, located within the "Vieux Carré Entertainment District" ("VCE") "owns and operates a bar between the hours of 3:00 p.m. and 3:00 a.m. with live amplified music and entertainment at 615/617 Bourbon Street, New Orleans, Louisiana" with noises that "are sufficient to cause physical discomfort and annoyance to Peter Yokum and Polly Anderson, and any person of ordinary sensibilities, and constitute a nuisance."
Plaintiffs also allege in their petition that defendants have violated the municipal noise ordinances for the City of New Orleans, specifically, City Code Sections 66-202,[6] governing the maximum permissible sound levels, and 66-203(5),[7] governing the specific nuisance noises that are prohibited.
Plaintiffs further allege in their petition that 615 Bourbon Street, L.L.C. d/b/a The Rock and Old Opera House, Inc. d/b/a Old Opera House have violated La. R.S. 26:90(A)(14)(a)[8] & 26:286(A)(14)(a),[9] which *864 plaintiffs state make it unlawful for a person holding a retail dealer permit under the alcoholic beverage control law to play live or recorded music which is so unreasonably intrusive or offensive as to interfere with the comfortable enjoyment of the property of a person.
Finally, and most relevant for purposes of the instant matter, plaintiffs assert in their Petition that defendants in this instance are in violation of Louisiana Civil Code articles 667 and 669,[10] relating to nuisance.[11]
The record does not indicate that defendant 615 Bourbon Street, L.L.C. filed an answer to plaintiffs' Petition for Damages and Declaratory and Injunctive Relief. However, on February 22, 2006, 615 Bourbon Street, L.L.C. did file a Motion for Summary Judgment, which included a Motion for Sanctions[12] against plaintiffs and their counsel pursuant to Article 863 of the Louisiana Code of Civil Procedure.[13] *865 In conjunction with the Motion for Summary Judgment, defendant 615 Bourbon Street, L.L.C, provided the affidavit of Raymond Gonzales, Jr., Manager of 615 Bourbon Street, L.L.C. The affidavit provided:
1. That 615 Bourbon Street, L.L.C, is the owner of the immovable property bearing Municipal No. 615 Bourbon Street, New Orleans, Louisiana;
2. That said entity entered into a lease of said property with O'Reilly Properties, L.L.C, dated October 15, 2003, a redacted copy of which is annexed hereto, marked Exhibit "615 Bourbon Street, L.L.C.-l";[14]
3. That 615 Bourbon Street, L.L.C. does not operate any business whatsoever on these premises of the property which it owns at 615 Bourbon Street, New Orleans, Louisiana, and more specifically, it does not own and operate a bar known as The Rock located [sic] 615-617 Bourbon Street.
In addition to its alleged material facts not in dispute,[15] defendant asserted in the memorandum in support of its Motion for Summary Judgment that plaintiffs' allegations of noise ordinance violations and the creation of a nuisance arise out of the operation of the business known as The Rock. Defendant further argued in its motion that "[t]he petition contains no allegations whatsoever which would impose liability upon 615 BOURBON STREET, L.L.C, in its capacity as lessor of the premises, and it is further submitted that liability, if any, would arise only out of the operation of La. Civil Code Articles 667 *866 and 668." Defendant therefore asserted that "the issue is thus raised whether or not 615 BOURBON STREET, L.L.C, as lessor, has any liability whatsoever to its neighbors for the use of its premises by a lessee operating under permits issued by the governing authority, in this case, the City of New Orleans." Defendant finally argued in its motion that plaintiffs in this matter would have no standing nor right of action to enforce any alleged violations of any municipal and/or state ordinances, as they are solely within the province of governmental authorities.
Plaintiffs opposed defendant's Motion for Summary Judgment on April 13, 2006, asserting that not only was the motion premature as no discovery had been conducted, articles 667, 668, and 669 of the Louisiana Civil Code dictate that 615 Bourbon Street, L.L.C, as owner of the leased premises, cannot escape liability as a lessor based upon its lease of the property to O'Reilly Properties, L.L.C. Moreover, plaintiffs stated that through the certified letters sent to 615 Bourbon Street, L.L.C. and The Rock individually, 615 Bourbon Street, L.L.C. had knowledge of the noise nuisance emanating from its premises and took no action to cease and desist or to reduce the noise. Plaintiffs also argued that the defendant's Motion for Sanctions was not well-grounded in fact, as plaintiffs' reason for not dismissing 615 Bourbon Street, L.L.C. from this litigation as requested by opposing counsel was due to the "clear liability of 615 Bourbon Street, L.L.C. in having knowledge of the nuisance emanating from its property and taking no steps to prevent the nuisance."[16] As such, plaintiffs alleged that summary judgment is premature.[17]
Following a hearing on April 21, 2006, the trial court granted defendant 615 Bourbon Street, L.L.C.'s Motion for Summary Judgment, dismissing the plaintiffs' claims against 615 Bourbon Street, L.L.C, with prejudice, and denied the defendant's Motion for Sanctions, in a written judgment signed April 28, 2006. The record does not reflect any written reasons for judgment from the trial court, nor does the record contain a transcript of the hearing.
Plaintiffs appealed to the Court of Appeal, Fourth Circuit, on September 26, *867 2006, asserting that the trial court committed manifest error by granting defendant's premature motion for summary judgment because not only do plaintiffs, as the aggrieved neighbors, have standing and a right of action against 615 Bourbon Street, L.L.C. under Louisiana Civil Code articles 667, 668, and 669, defendant 615 Bourbon Street, L.L.C. failed to establish a prima facie case of entitlement to summary judgment regarding its vicinage obligations to plaintiffs under articles 667, 668, and 669.[18]
Regarding the trial court's granting of summary judgment, plaintiffs asserted at the Court of Appeal that discovery in this fact-intensive matter is critical, and because summary judgment was prematurely granted, plaintiffs were denied the opportunity to discover whether 615 Bourbon Street, L.L.C. exercised reasonable care to prevent the nuisance and/or whether 615 Bourbon Street, L.L.C. exercised reasonable care to abate the nuisance. Plaintiffs reiterated that Louisiana Code of Civil Procedure article 966(C) provides that a motion for summary judgment which shows no genuine issues of material fact shall be granted only after adequate discovery or after a case is set for trial. Because issues of fact exist in this matter, including whether the servitude and vicinage duties of articles 667, 668, and 699 have been violated, and whether the noise emanating from the property located at 615-617 Bourbon Street into the plaintiffs' home is a nuisance that must be tolerated, plaintiffs asserted that summary judgment was not appropriate in this matter.
Plaintiffs also argued at the Court of Appeal that under articles 667, 668, and 669 of the Louisiana Civil Code, 615 Bourbon Street, L.L.C. is, as owner of the subject property, a "proprietor" and is therefore burdened with a legal servitude in favor of its neighbors, plaintiffs Mr. Yokum and Ms. Anderson. Plaintiffs therefore asserted that the existence of a lease does not extinguish the legal servitude or the duties defendant in this matter owes to them as neighbors.
In response, defendant argued in the Court of Appeal that the assignment of error before the Court was not whether plaintiffs have standing or a right of action, but rather, if any of the causes of action set forth in the original or supplemental petitions filed in the trial court were factually supported by the plaintiffs. According to defendant, because the allegations in the plaintiffs' petition were directed against "615 Bourbon Street, L.L.C. doing business as `The Rock,'" the petition contains no allegations regarding 615 Bourbon Street, L.L.C. itself. Moreover, defendant asserted that because the burden of proof in this matter would be on the plaintiffs, defendant 615 Bourbon Street, L.L.C, as mover for summary judgment, was only required to point out to the court the absence of factual support for one or more elements essential to the plaintiffs' claim according to article 966(C)(2) of the Louisiana Code of Civil Procedure. Thereafter, when plaintiffs, Mr. Yokum and Ms. Anderson, failed to establish by affidavit or otherwise any factual support for the allegations in their Petition for Damages, there is no genuine issue of material fact and the trial court was correct in granting defendant's Motion for Summary Judgment.
Defendant further argued that the issue for the Court of Appeal to decide was whether defendant, as lessor of the subject premises, incurs liability for the use of its property by its lessee operating under permits issued by the City of New Orleans. *868 Relying on the case of Borenstein v. Joseph Fein Caterers, Inc., 255 So.2d 800 (La.App. 4 Cir.1971),[19] defendant stated that if the noise violates the quoted municipal ordinances, the party responsible for the alleged damages is the operator of the bar, who, in the instant litigation, has not been joined as a party.
Finally, defendant stated that because plaintiffs did not pursue any discovery requests between the time of filing suit in June, 2005, and February, 2006, and plaintiffs did not file a motion to continue in order to proceed with discovery, plaintiffs cannot now argue that the Motion for Summary Judgment was improperly granted because of the lack of discovery.[20]
In an opinion issued on June 20, 2007, the Court of Appeal, Fourth Circuit, affirmed the trial court's grant of summary judgment and dismissal of plaintiffs' claims against 615 Bourbon Street, L.L.C, with Judge Cannizzaro dissenting. In its decision, the Court of Appeal reasoned that although the plaintiffs' appeal is based on the obligations of vicinage arising out of articles 667, 668, and 669 of the Louisiana Civil Code, because the Court of Appeal could find no cases imposing liability upon the owner lessor of property under Louisiana Civil Code article 667 for the acts of its lessee, it declined to do so in this matter. Specifically, the court stated that "[i]n view of the numberless owner-lessor-lessee relationships known to exist in this State, it would be most extraordinary for owner-lessor liability for acts of the lessee under La. C.C. art. 667 to be res nova if it were the purpose of that Code article to impose such liability." Yokum v. 615 Bourbon Street, L.L.C, 06-1057, p. 2 (La. App. 4 Cir. 6/20/07); 960 So.2d 1283, 1285.
The Court of Appeal further found that the Fourth Circuit in Borenstein v. Joseph Fein Caterers, Inc., 255 So.2d 800, 804 (La.App. 4 Cir.1971)[21] overruled Burke v. Besthoff Realty Co., 196 So.2d 293, 297 (La.App. 4 Cir.1967) (abrogated by Borenstein v. Joseph Fein Caterers, Inc., 255 *869 So.2d 800, 804 (La.App. 4 Cir.1971)[22] (holding that it is the proprietor (owner) of the real estate to whom the duty of not making any work on his property that will damage his neighbor applies, as the duty is imposed upon him rather than his lessee; it is the owner who is "doing" with his estate as it may please him to do, to the extent that article 667 restricts his freedom of use, he is responsible for the use which his lessee makes of the property). According to the Court of Appeal below, Borenstein supports the decision of the trial court to grant the defendant property owner's Motion for Summary Judgment in this matter, as the court in Borenstein found that, because a nuisance is a condition, the person legally liable for the nuisance is the person actually responsible for the existence of the condition. Thus, the Borenstein court found that the liability of a party as a proprietor under Louisiana Civil Code article 667 in a nuisance action should be determined on the basis of his responsibility for the existence of the condition which constitutes the nuisance. In the instant matter, the Court of Appeal found that the lessor/owner/defendant is not the person actually responsible for the existence of the condition, and therefore, because plaintiffs' only complaint is the noise level of the music, caused by the lessee/operator of the bar, there is no basis in law for holding the lessor/owner/defendant liable under Louisiana Civil Code article 667. As such, the Court of Appeal found that there is no genuine issue of material fact concerning the operation of the bar by the defendant's lessee, and thus, the Court of Appeal concluded that the trial court did not err in granting defendant's Motion for Summary Judgment.
Also in support of its decision, the Court of Appeal distinguished the case of Chaney v. Travelers Insurance Co., 259 La. 1, 249 So.2d 181 (1971),[23] specifically finding that Chaney provided no authority for imposing liability under Louisiana Civil Code article 667 on the lessor-owner for the acts of the lessee because the lessee in the instant matter is not the agent, contractor, or representative of the lessor owner. Further, the Court of Appeal in this matter also found this Court's decision in Inabnet v. Exxon Corp., 93-0681 (La.9/6/94); 642 So.2d 1243,[24] factually distinguishable, *870 as it involved a dispute between two lessees. The Court of Appeal stated that while the Inabnet decision could be interpreted to hold the lessee operator of The Rock responsible for the claims of the plaintiffs in this instance, nothing in the Inabnet decision suggested that 615 Bourbon Street, L.L.C, as owner/lessor of the premises, could be held liable to the plaintiffs for the music played by its lessee.
The Court of Appeal also found that because plaintiffs had made no efforts to pursue discovery between the time of filing suit on July 20, 2005, and the hearing on the Motion for Summary Judgment on April 21, 2006, and that plaintiffs made only general reference to disruptions caused by Hurricane Katrina, this did not lend credence to their argument concerning an inability to conduct discovery. For all of these reasons, the Court of Appeal affirmed the trial court's judgment granting summary judgment in favor of defendant.
Judge Cannizzaro dissented from the majority's opinion, finding that the clear language of article 667 of the Louisiana Civil Code provides that the "proprietor" is the owner of the property, and if the property owner knew, or in the exercise of reasonable care, should have known of any damage that was incurred by plaintiffs at the hands of its lessee, the property owner could be held liable. In the instant matter, 615 Bourbon Street, L.L.C, as owner of the property, cannot escape liability merely because it leases the property to the party actually causing the damage to a neighbor, if it was aware or should have been aware of the alleged damage.
Also finding the Court of Appeal's interpretation and application of the decisions in Inabnet v. Exxon Corp., 93-0681 (La.9/6/94); 642 So.2d 1243, Chaney v. Travelers Insurance Co., 259 La. 1, 249 So.2d 181 (1971), and Borenstein v. Joseph Fein Caterers, Inc., 255 So.2d 800 (La. App. 4 Cir.1972) misplaced, Judge Cannizzaro stated that none of these cases support the proposition that an owner of property cannot in some cases be held liable for damages caused by the actions of its lessee that result in damage to neighboring property owners. As such, Judge Cannizzaro opined that the defendant's Motion for Summary Judgment should be reversed and the case remanded for trial.
On August 2, 2007, the Court of Appeal, Fourth Circuit, denied plaintiffs' application for rehearing, with Judge Cannizzaro voting to grant rehearing. Plaintiffs thereafter timely filed the instant writ application.
In support of their application, plaintiffs assert that the Court of Appeal erred in its interpretation and application of Article 667 of the Louisiana Civil Code, thereby creating conflicting decisions regarding whether or not a property owner is a "proprietor" under Article 667 of the Louisiana Civil Code, as well as confecting inconsistent jurisprudence concerning a property owner's vicinage obligations and duties found in articles 667, 668 and 669 of the Louisiana Civil Code. Plaintiffs argue that not only did the Court of Appeal incorrectly conclude that the aforementioned Borenstein case overruled the Burke matter, it incorrectly created a "lease exemption" and immunity to the well-settled duties and obligations of a property owner found in articles 667, 668, 669 and article 2315[25] of the Louisiana *871 Civil Code. Plaintiffs therefore assert that the trial court inappropriately granted the defendant's premature Motion for Summary Judgment without a proper and mandatory fact-intensive inquiry or discovery.
Defendant 615 Bourbon Street, L.L.C. opposed plaintiffs' writ application, stating that although it agrees with plaintiffs that if the defendant negligently or intentionally breaches the legal servitude it owes the plaintiffs, under the express language of Louisiana Civil Code article 667, the defendant is delictually liable to them, the pleadings before the trial court failed to set forth any allegations against 615 Bourbon Street, L.L.C. as lessor, which would render it liable for damages under Louisiana Civil Code article 2315. According to defendant, the petition incorrectly alleges that 615 Bourbon Street, L.L.C. owns and operates a bar known as The Rock, and because the plaintiffs' allegations arise out of the operation of the bar, plaintiffs have failed to properly plead a theory of liability against defendant. Defendant further asserts that the Court of Appeal's decision does not create conflicts in Louisiana jurisprudence, and summary judgment was properly granted in its favor.[26]
We granted certiorari in this matter to review the Court of Appeal's ruling that summary judgment in favor of defendant was appropriate because defendant 615 Bourbon Street, L.L.C, as lessor owner in this matter, is not the person actually responsible for the existence of the noise complained of, and therefore, there is no basis in law for holding the lessor/owner liable under Louisiana Civil Code article 667. We disagree with the Court of Appeal's reasoning, as our review of Louisiana law and its long-standing jurisprudence regarding this matter dictates a different conclusion. For the reasons set forth below, we find that the Court of Appeal's decision below was in error, and therefore reverse its ruling affirming summary judgment in favor of defendant, and remand the case to the trial court for further proceedings.

DISCUSSION
Because the Court of Appeal affirmed summary judgment based upon its conclusion that defendant/lessor 615 Bourbon Street, L.L.C. is not responsible for the actions of its lessee under Louisiana Civil Code article 667, we must first examine article 667 and its application to owner lessors. From that determination, we must then decide whether summary judgment in favor of defendant 615 Bourbon *872 Street, L.L.C. in this instance is appropriate.
Louisiana Civil Code Article 667
It is a "general principle of law, that owners may use their property as they please, with the exception that they do no injury to others," under the theory of "sic tuum utere ut alium non laedas." Boatner v. Henderson & Al., 5 Mart, (n.s.) 186 (La.1826); see also Borgnemouth Realty Co. v. Gulf Soap Corp., 212 La. 57, 31 So.2d 488, 490 (1947).[27] As courts have recognized, Louisiana law does impose certain limitations on ownership,[28] with one instance being through predial servitudes. A predial servitude, provided for in Article 646 of the Louisiana Civil Code, is a "charge on a servient estate for the benefit of a dominant estate." Further, a predial servitude requires that "[t]he two estates must belong to different owners." La. C.C. art 646. Moreover, article 654 of the Louisiana Civil Code provides:
Predial servitudes may be natural, legal, and voluntary or conventional. Natural servitudes arise from the natural situation of estates; legal servitudes are imposed by law; and voluntary, or conventional servitudes are established by juridical act, prescription, or destination of the owner.
As such, articles 667, 668, and 669, found in the same Title of the Louisiana Civil Code governing "Predial Servitudes," establish certain limitations on the scope and extent of the right of ownership in immovable property. Inabnet v. Exxon Corp., 93-0681, p. 9 (La.9/6/94); 642 So.2d 1243, 1250-1 ("Articles 667-669 place limitations on the rights of owners by setting out principles of responsibility applying the doctrine of sic utere tuum ut alienum non laedas, which requires an owner to use his property in such a manner as not to injure another.") Thus, the referenced limitations set forth in articles 667, 668, and 669 of the Louisiana Civil Code are limitations on ownership imposed by law. Predial Servitudes, Yiannopoulos, 4 Louisiana Civil Law Treatise, §§ 33, 34 (West 2004).[29] Further, this Court has previously found that the corresponding rights and obligations of neighboring proprietors, arising from that relationship between proprietors, are principally governed by Louisiana Civil Code articles 667, 668, and 669. Inabnet v. Exxon Corp., 93-0681, *873 p. 8 (La.9/6/94); 642 So.2d 1243, 1250.
As set forth previously, the full text of Article 667 provides:
Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives.
Article 668 of the Louisiana Civil Code provides:
Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbors's [neighbor's] house, because his act occasions only an inconvenience, not a real damage.
Finally, Louisiana Civil Code article 669 provides that "[i]f the works or materials for any manufactory or other operations, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place."
For purposes of the instant matter, our discussion focuses primarily on Louisiana Civil Code article 667, as we are faced with the issue of whether or not a "proprietor" owner and lessor can be responsible for the actions of its tenant/lessee. Article 667, originally enacted in 1808,[30] was subject to the significant tort reform undertaken by the Louisiana Legislature in 1996. See Acts 1996, 1st Ex.Sess., No. 1, § 1.[31] The language contained in Article *874 667 regarding strict or absolute liability for ultrahazardous activity was most heavily affected by the amendments, as this Court has so recognized:
Article 667 now clearly articulates that the only cognizable ultrahazardous activities are "pile driving" and "blasting with explosives." Any other activities besides the two the article specifically lists are not ultrahazardous for purposes of article 667. Thus, to qualify for the absolute liability standard, the plaintiff must show that the activity complained of is either "pile driving" or "blasting with explosives."
Suire v. Lafayette City-Parish Consolidated Government, et al., 04-1459, p. 13 (La.4/12/05); 907 So.2d 37, 49.
Notably, the 1996 amendments to article 667 also incorporated the requirement that a proprietor or landowner be responsible for damages to an aggrieved neighbor "only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care," thus shifting the absolute liability standard to a negligence standard[32] similar to that set forth in La. C.C. art. 2317.1 and the 1996 amendments to Articles 2321 and 2322.[33] The 1996 amendments to article 667 did not change who could be held liable under the article, namely, the "proprietor"; rather, it changed the theory of liability under which the proprietor could be held responsible. As a result, in order for a proprietor/landowner to be held responsible for damages allegedly caused by works or actions on his property, it must be shown that the proprietor/landowner knew or should have known that the "works" on his property would cause damage, and that the damage could have been prevented by the exercise of reasonable care.
The term "proprietor" as used in Article 667, while commonly interpreted to refer to landowners, "has been expansively interpreted by the courts to apply not only to a landowner, but also to a person whose rights derive from the owner." Inabnet v. Exxon Corp., 93-0681, p. 12 (La.9/6/94); 642 So.2d 1243, 1251 (citing Lombard v. *875 Sewerage and Water Bd. Of New Orleans, 284 So.2d 905 (La.1973) and Ferdinand F. Stone, Tort Doctrine in Louisiana: The Obligations of Neighborhood, 40 Tul. L.Rev. 701, 711 (1966)).[34] As mentioned previously, certain limitations are imposed upon proprietors through Article 667: "although a landowner may use and enjoy his property as he sees fit, Article 667 provides that he may not exercise his right in such a way as to cause damage to his neighbors." State Through Dep't. of Transp. & Dev. v. Chambers Inv. Co., 595 So.2d 598, 604 (La.1992). Furthermore, this Court has also stated that "the proprietor is likewise responsible not only for his own activity, but also for that carried on by his agents, contractors and representatives with his consent and permission." Id.
Not only has the term "proprietor" been expanded from its traditional meaning of simply "landowner," the "work" to which Article 667 refers includes not only constructions but also activities that may cause damage. This Court stated in Chaney v. Travelers Ins. Co., that "our view will not accept the proposition that a proprietor is responsible for damage to a neighbor for a `work,' that is, a structure on his premises which harms his neighbor without imposing a like responsibility for harmful activity." 259 La. 1, 249 So.2d 181, 186 (1971) (emphasis added). We further stated that "[i]t is not the manner in which the activity is carried on which is significant; it is the fact that the activity causes damage to a neighbor which is relevant." Id. Thus, we find that the alleged excessive noise emanating from, the defendant's leased premises in this instance falls within the concept of "work" as contemplated by Louisiana Civil Code article 667, in that it is an activity that could be harmful to neighboring proprietors.[35]
Article 667, setting forth limitations imposed upon the ownership of land, is directly applicable to a proprietor landowner who may also be a lessor of its property, as the act of lease by the landowner is a right which is derived from ownership of the property. La. C.C. art. 2673 ("All things, corporeal or incorporeal, that are susceptible of ownership may be the object of a lease, except those that cannot be used without being destroyed by that very use, or those the lease of which is prohibited by law." (emphasis added)). Thus, because article 667 dictates, and this Court has previously established, that a proprietor/landowner can be responsible for the works or actions on its property that may cause damage to neighboring *876 proprietors, we find the Court of Appeal's reasoning in this matter erroneous. Merely because a proprietor/landowner utilizes his right as a property owner to lease his property to another does not eradicate his or her responsibilities and obligations, set forth above, as a landowner. Moreover, under the Court of Appeal's rationale, even an owner/lessor with full knowledge of the potentially harmful effects of the lessee tenant's activities on its property would have little or no responsibility to protect the public and his neighbors from his lessee tenant's harmful activities. As a result, the Court of Appeal's interpretation creates a virtual immunity for landowners, allowing them to remove themselves from potential liability for damages that arise out of the ownership of their property by simply establishing a lease on their property.
We therefore find the Court of Appeal was incorrect in its assertion that a mere lack of jurisprudence imposing liability upon an owner or proprietor for the actions of its lessee which cause damage out of a lessee's use of the premises equates to a finding that an owner is not responsible for the actions of its lessee.[36] More specifically, as shown above, it is well-settled that a "proprietor," which at its very basic meaning is a landowner, can be responsible for damages for any "work" under Article 667 of the Louisiana Civil Code, which this Court has clearly stated includes not only constructions but also activities, performed on its land that may cause damage to neighboring proprietors.
We do not venture to specifically find that 615 Bourbon Street, L.L.C, as owner and lessor of the subject premises, is responsible for the alleged damages caused in this particular instance, as that issue is not specifically before the Court. As discussed above, we decide today only that the Court of Appeal was erroneous in its conclusion that a proprietor/landowner/lessor may not be responsible for the actions of its lessee under article 667 of the Louisiana Civil Code. Because we find that an owner lessor can be responsible for damages caused by its lessee tenant under article 667 of the Louisiana Civil Code, we therefore conclude the Court of Appeal was in error in affirming summary judgment in favor of defendant 615 Bourbon Street, L.L.C.
Summary Judgment
Appellate courts review summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant. Suire v. Lafayette *877 City-Parish Gov't., 04-1459, p. 11 (La.4/12/05); 907 So.2d 37, 48; Mines v. Garrett, 04-0806, p. 1 (La.6/25/04); 876 So.2d 764, 765 (per curiam); Goins v. WalMart Stores, Inc., 01-1136, p. 5 (La.11/29/01); 800 So.2d 783, 788 (citing Taylor v. Rowell, 98-2865, p. 3 (La.5/18/99); 736 So.2d 812, 814).[37] It is well-settled that summary judgment procedure, as set forth in article 966 of the Louisiana Code of Civil Procedure, is designed to secure the just, speedy, and inexpensive determination of actions.[38] La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04); 876 So.2d 764, 765 (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94); 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons *878 could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
The movant, here 615 Bourbon Street, L.L.C, has the burden of proof for purposes of seeking summary judgment in this instance under Louisiana Code of Civil Procedure article 966(C)(2). However, because 615 Bourbon Street, L.L.C. will not bear the burden of proof at trial of this matter, it is not required to negate all essential elements of plaintiffs' action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to plaintiffs' action. Id. If 615 Bourbon Street, L.L.C. meets this initial burden of proof, the burden then shifts to the plaintiffs to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial. Id. If the plaintiffs, Mr. Yokum and Ms. Anderson, fail to meet this burden, there is no genuine issue of material fact, and defendant 615 Bourbon Street, L.L.C. is entitled to summary judgment. Id.
In order for 615 Bourbon Street, L.L.C. to satisfy its burden of proof in this matter, it must show that there is an absence of factual support for any of the elements of plaintiffs' cause of action that defendant has caused damage to plaintiffs as a result of the alleged excessive noise emanating from the premises upon which it maintains a lease, in violation of various city ordinances. Specifically, plaintiffs have alleged that under articles 667, 668, and 669 of the Louisiana Civil Code, defendant 615 Bourbon Street, L.L.C, as owner and operator of the premises, is responsible for the alleged excessive noise emanating from its leased premises. Article 667, as discussed above, states that while a "proprietor" may do on his land whatever he pleases, he cannot make "work" on it which may deprive his neighbor of the enjoyment of his estate. Further, if the work he makes on it does cause damage to his neighbor, the proprietor landowner "is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. CC art. 667.
Defendant has stated, in support of its Motion for Summary Judgment, that plaintiffs incorrectly identified it is as the "operator" of the premises, and that since plaintiffs' allegations of excessive noise arise out of the operation of the bar, defendant, as lessor of the premises, is not responsible for the alleged noise emanating from the bar known as The Rock. However, based upon our review of the record and defendant's Motion for Summary Judgment, we do not find that defendant has satisfied its burden of establishing an absence of factual support for any one of the elements of plaintiffs' cause of action that defendant has caused damage to plaintiffs as a result of the alleged excessive noise. More specifically, defendant has confirmed that it is the owner/proprietor of said premises as set forth under article 667, and has merely shown that it did not operate the establishment known as The Rock. Defendant has not, however, demonstrated how the fact that it did not actually operate the bar on its premises negates its responsibilities as a "proprietor" under article 667. Nor has defendant negated plaintiffs' allegation of notice of the alleged damages, as required by article 667, through the certified letters sent by counsel for plaintiff to both 615 Bourbon Street, L.L.C, and The Rock. As a result, defendant has not established an absence of factual support for any element essential to plaintiffs claim as set forth in *879 article 667, namely, the requirements concerning its alleged knowledge of the loud noise, or any steps it may have taken to reasonably prevent the noise. We therefore conclude that summary judgment[39] was not appropriate in this instance.[40]

DECREE
For all of the above reasons, we find that the Court of Appeal incorrectly affirmed the trial court's grant of summary judgment in favor of Defendant 615 Bourbon Street, L.L.C. based upon the Court of Appeal's erroneous finding that there is no basis in law for holding a proprietor/owner/lessor liable under Article 667 for damages allegedly caused by its lessee. Louisiana law and jurisprudence have established that a proprietor, as landowner, can be responsible for those constructions or activities on its premises that may cause damage to its neighbors, whether the work or activities be performed by the proprietor itself or by one who maintains rights that derive from the ownership of the land, such as a tenant or lessee. Moreover, based upon our thorough review of the brief record in this matter, the defendant has failed to satisfy its burden in summary judgment under Article 966 of the Louisiana Code of Civil Procedure, as mover and as the party that will not bear the burden at trial, to negate any one element of plaintiffs' claims for damages. Specifically, a landowner can be responsible for "works" or activities on its property that may cause damage to neighbors if it knew or should have known that such works would cause damage and it failed to exercise reasonable care to remedy it. Therefore, defendant's assertion that while it may own the property, it does not operate the establishment which allegedly is causing damage to plaintiffs, does not negate any element of plaintiffs' claim in this matter. Summary judgment was therefore improperly granted. Accordingly, the decision of the Court of Appeal is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Retired Judge Philip C. Ciaccio, assigned as Associate Justice Ad Hoc, sitting for Associate Justice Chet D. Traylor, recused.
[1] In addition to providing prohibitions on the use of the premises, the lease also provided the following clause concerning "Responsibility for loss or damage":

Lessee agrees that Lessor shall not be liable for injury to Lessee's business or for any loss of Lessee's income or for damage to the goods, wares, merchandise or other property of Lessee, Lessee's employee's [sic] invitees, customers or any person in or about the premises, nor shall Lessor be liable for injury to the person of Lessee, Lessee's employees, agents or contractors, whether such injury is caused or results from fire, steam, electricity, gas, rain, water from other source, or from the breakage, leakage, obstruction or other defects of pipes, sprinklers, wires, appliances, plumbing, air-conditioning, or lighting fixtures or from any other cause; whether the said damage or injury results from conditions arising upon the premises or upon other portions of the building of which the premises form a part or from other sources or places and regardless if the means of repairing the cause of such damage is inaccessible to Lessee. Lessor shall not be liable for an [sic] damages arising from an act or neglect of any other tenant, if any, of the building in which the premises are located.
[2] At oral argument of this matter, counsel for defendant indicated that the bar known as "The Rock" is no longer located on this premises.
[3] Although counsel for plaintiffs also sent a letter dated December 29, 2003, to the bar "Old Opera House," located at 601 Bourbon Street, New Orleans, Louisiana, 70116, setting forth the same allegations by plaintiffs of noise violations, and Old Opera House was ultimately also made a defendant in this case, it is not a party to the issue before the Court today.
[4] Plaintiffs also allege that they have filed complaints with the City of New Orleans Police Department, the zoning administrator for the City of New Orleans, and the Director of Safety and Permits for the City of New Orleans, with no relief provided.
[5] As previously mentioned, defendant Old Opera House is not involved in the present matter currently before this Court. See supra, note 3.
[6] Section 66-202 of the City of New Orleans Municipal Code of Ordinances sets forth the maximum permissible sound levels by receiving land use. It provides the specific levels of noise allowed according to certain zoning districts, including residential, commercial, and industrial districts, and the "VCE," "VCR," and "SHD" districts (Vieux Carré Entertainment District, Vieux Carré Residential District, and Special Historic District, respectively). New Orleans, La., Code of Ordinances art. 4, div. 3, § 66-202 (2007).
[7] Section 66-203(5) provides: "Loudspeakers. It shall be unlawful to use or operate any loudspeaker, loudspeaker system or similar device that is plainly audible upon any street, alley, sidewalk, park or public property for the purpose of commercial advertising, or attracting the attention of the public to any building, structure, or vehicle." New Orleans, La., Code of Ordinances art. 4, div. 3, § 66-203(5) (2007).
[8] The text of La. R.S. 26:90(A)(14)(a), located in Part II ("Permits"), Chapter 1 ("Alcoholic Beverage Control Law") of Title 26 ("Liquors  Alcoholic Beverages") of the Louisiana Revised Statutes, provides respectively that "A. No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:"

* * *
(14)(a) Play live or recorded music which is so unreasonably intrusive or offensive as to interfere with the comfortable enjoyment of the property of a person residing within two hundred feet of the premises. This prohibition shall not apply to any licensed premises which are not located within two hundred feet of a residence or which were not located within two hundred feet of a residence on the date that the first permit was granted for the premises or to any licensed premises which are not located in an unzoned unincorporated area. This prohibition shall not apply to any premises which provide an entry area with two separate doors or sets of doors separating the exterior of the entrance from the area where music is played. Any licensed premises which are not, on the effective date of this Paragraph, in compliance with the provisions of this Paragraph, shall have a reasonable time either to modify the premises to comply with this Paragraph or to cease the playing of music as described herein.
* * *
[9] La. R.S. 26:286(A)(14)(a) provides the same text as La. R.S. 26:90(A)(14)(a) quoted in note 8, supra, but is located under Part II ("Permits for Dealers in Beverages of Low Alcoholic Content"), Chapter 2 ("Alcoholic Beverage Control and Taxation"), of Title 26 ("Liquors  Alcoholic Beverages") of the Louisiana Revised Statutes.
[10] As will be more fully discussed below, Article 667 of the Louisiana Civil Code provides:

Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives.
Article 669 provides that "[i]f the works or materials for any manufactory or other operations, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place."
[11] On January 23, 2006, plaintiffs filed a First Supplemental and Amending Petition for Damages, adding Nicholas S. Karno, II, Inc., owner and operator of Old Opera House, as a party defendant. As previously mentioned, Old Opera House and its owner(s) and operator(s) are not part of the instant proceedings. See supra, note 3.
[12] The Motion for Sanctions was based upon defendant's allegations that it advised plaintiffs that it did not own or operate the commercial establishment doing business as The Rock, defendant provided the plaintiffs with a copy of the aforementioned lease of the subject property, and plaintiffs failed to dismiss the defendant after it requested a voluntary dismissal from this matter. Defendant asserted that because counsel for plaintiffs failed to perform a reasonable inquiry to determine if the pleadings which they had filed were well-grounded in fact, sanctions should be imposed under Louisiana Code of Civil Procedure article 863.
[13] Article 863 of the Louisiana Code of Civil Procedure provides, in pertinent part:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase the cost of litigation.
* * *
D. If, upon motion of any party or upon its own motion, the court determines certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
* * *
[14] The record reflects that on January 29, 2007, defendant filed a Motion to Supplement the Record in the Court of Appeal, Fourth Circuit, with the subject lease, as defendant maintained that the lease was, in fact, attached to Mr. Gonzales's affidavit at the time of filing, but was subsequently inadvertently excluded from the record. Plaintiffs opposed the Motion to Supplement on February 2, 2007, asserting that the lease was not "missing" from the record; rather, it simply was not originally included as part of the record. Defendants filed a reply to plaintiffs' opposition, again asserting that the lease was, in fact, attached as an exhibit to the aforementioned affidavit, but was lost by the Clerk of the Civil District Court for the Parish of Orleans. The Motion to Supplement the Record was granted by the Court of Appeal on March 14, 2007.
[15] The defendant's alleged material facts not in dispute reiterated that 615 Bourbon Street, L.L.C. is the owner of the immovable property bearing Municipal No. 615 Bourbon Street in New Orleans, Louisiana, that it entered into a lease of said property with O'Reilly Properties, L.L.C, dated October 15, 2003, and that 615 Bourbon Street, L.L.C. does not operate any business on said property.
[16] Plaintiffs asserted as well that the 1442 deposition of Bourbon Street, L.L.C. had not been noticed, nor had the case been set for trial. Louisiana Code of Civil Procedure article 1442, which sets forth the allowance and procedure for depositions of corporations, associations, or governmental agencies, provides:

A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This Article does not preclude taking a deposition by any other procedure authorized in this Chapter.
[17] Plaintiffs also allege in their opposition to defendant's Motion for Summary Judgment that under La. R.S. 9:3221, 615 Bourbon Street, L.L.C. had knowledge of the noise nuisance, and is therefore responsible for the actions of its lessee in this matter. La. R.S. 9:3221 provides:

Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
[18] Plaintiffs also asserted that a copy of the lease, defendant's documentary proof, was not attached to the defendant's Motion for Summary Judgment.
[19] The Fourth Circuit Court of Appeal in Borenstein v. Joseph Fein Caterers, Inc., found that a planter along a common wall and a vine growing from defendant's premises between business establishments created an enjoinable nuisance by causing moisture on the walls of the adjoining premises, where the moisture caused damage to plaintiff's building. 255 So.2d 800, 803 (La.App. 4 Cir. 1971). The Court further found that the liability of a party as a proprietor under Civil Code article 667 in a nuisance and damage case should be determined on the basis of his responsibility for the existence of the condition which constitutes the nuisance. Id. at 806. Ultimately, the court in Borenstein found that under the facts of that case, the lessee was not responsible for the nuisance, and maintained liability against the owner of the premises. Id.
[20] Plaintiffs filed a short reply in the Court of Appeal, setting forth its divergent opinion regarding the true issue that was presented to the Court, namely, whether a genuine issue of triable fact exists when the record and all reasonable inferences that may be drawn from it are viewed in the light most favorable to the non-movant plaintiffs. Specifically, plaintiffs asserted that it is not material to the Motion for Summary Judgment whether 615 Bourbon Street, L.L.C. is or is not doing business as The Rock. Rather, plaintiffs urged that genuine issues of material fact exist as to whether defendant breached its duty, the amount of damages sustained by plaintiffs, and plaintiffs' right to injunctive relief to prevent future breaches of the defendant's legal duty. According to plaintiffs, in light of the disruptions related to Hurricane Katrina, it was in error for the district court to grant summary judgment only nine months after the suit was filed and without any discovery having occurred. Furthermore, plaintiffs again reiterated their argument that defendant in this matter cannot circumvent its responsibilities as owner of the subject property through the execution of a lease of the premises.
[21] See supra, note 19.
[22] See infra, note 36, for a discussion of Borenstein and Burke.
[23] In Chaney v. Travelers Insurance Co., 259 La. 1, 249 So.2d 181 (1971), this Court found that the parish was liable to the plaintiff in that matter for cracks in the walls and ceiling of his home resulting from the use of heavy equipment in canal improvement within ten feet of the plaintiff's home. Id. at 183. Specifically, this Court in Chaney found that Louisiana Civil Code article 667 is a limitation the law imposes upon the rights of proprietors in the use of their property, and is a species of legal servitude in favor of neighboring property. Id. at 186. Finding that it is not the manner in which the activity is carried on which is significant, this Court instead stated it is the fact that the activity causes damage to a neighbor which is relevant. Id. This Court in Chaney also stated that a proprietor can also be responsible not only for his own activity, but also that is carried on by his agents, contractors and representatives with his consent and permission. Id.
[24] In Inabnet, the majority of this Court analyzed the liability of a surface lessee under articles 2315 and 667, 668, and 669 of the Louisiana Civil Code for alleged damages caused by its dredging to an oyster lessee, where both lessees operated on land owned and leased by the State. Inabnet v. Exxon Corp., 93-0681, p. 1, 19 (La.9/6/94); 642 So.2d 1243, 1245, 1255. In doing so, the majority noted the expansive nature of the term "proprietor" to include not only a landowner, but also to a person whose rights derive from the owner, thereby enabling the Court to impose liability upon one of the lessees for damages caused by its dredging operations to the other lessee. 93-0691, p. 12, 19; 642 So.2d at 1251, 1255. Notably, the landowner in Inabnet, the State, was not named as a party defendant.
[25] Louisiana Civil Code article 2315 states:

A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death, of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. Damages shall include any sales tax paid by the owner on the repair or replacement of the property damaged.
[26] The Louisiana Association for Justice and the French Quarter Citizens, Inc., Faubourg Marigny Improvement Association, Faubourg St. John Neighborhood Association, Louisiana Landmarks Society, Maple Area Residents, Inc., Vieux Carré Property Owners, Residents, and Associates, Inc., and Frank D'Amico, Sr., filed amici curiae briefs, asserting that if the Fourth Circuit Court of Appeal's decision were allowed to stand, it would create an immunity for property owners that is previously unknown in Louisiana law. Such an interpretation of article 667 could immunize a landowner for nuisances and damages occasioned from the use of an owner's property by a lessee. According to amici, this was surely not the intent of article 667.
[27] The Borgnemouth court further found that: "`[i]t is the universally accepted rule of law that "`[t]he owner of property has a right to conduct thereon any lawful business not per se a nuisance, as long as the business is so conducted that it will not unreasonably inconvenience a neighbor in the reasonable enjoyment of his property. But every business, however lawful, must be conducted with due regard to the rights of others, and no one has a right to erect and maintain a nuisance to the injury of his neighbor even in the pursuit of a lawful trade, or to conduct a business on his own land in such a way as will be injurious or offensive to those residing in the vicinity.'"'" Borgnemouth, 31 So.2d at 490 (quoting Devoke et al. v. Yazoo & M.V.R. Co., 211 La. 729, 30 So.2d 816, 819 (1947)).
[28] Louisiana Civil Code article 477 provides, in pertinent part: "A. Ownership is the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions imposed by law. . . ."
[29] The principles set forth in Louisiana Civil Code articles. 667, 668, and 669 have been described as follows: "[a]rticle 667 prohibits works that cause damage or deprive neighbors of the enjoyment of their property; Article 668 permits works that merely cause some inconvenience; and Article 669 indicates, that, in the absence of a conventional servitude, inconveniences resulting from the emission of smoke or odors must be tolerated or may be suppressed, depending on local ordinances and customs." Yiannopoulos, Predial Servitudes, 4 Louisiana Civil Law Treatise, § 33 (West 2004).
[30] The origin of article 667 was contained within Article XV of the 1808 Civil Code, and provided:

Quoiqu`un propriétaire puisse faire dans son fonds, tout ce que bon lui semble, il ne peut cependant y faire d'ouvrage qui ôte à son voisin, la liberté de jouir du sien, ou qui lui cause quelque dommage.
It was translated in the following manner:
Although a proprietor may do with his estate whatever he pleases, still he cannot make on it any work which may deprive his neighbor of the liberty of enjoying his own, or which may be to him the cause of any damage.
La. C.C. art. 15 (1808).
An 1802 French-English dictionary defines "propriétaire" as "proprietor; proprietary; possessor; owner." The definition also provides a French phrase and its translation in which the term is used: "Le propriétaire ou la propriétaire d'une maison," which is translated, "[t]he landlord or landlady of a house." Le nouveau dictionnaire universel (1802).
[31] Prior to its 1996 amendment, Article 667 provided: "Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him." La. Civ.Code. Ann. Art. 667 (West 1980), amended by Acts 1996, 1st Ex. Sess., No. 1, § 1.
[32] In fact, prior to the 1996 amendments, this Court noted the lack of guidance Louisiana Civil Code articles 667, 668, and 669 presented in terms of liability: "[a]rticles 667-669, while setting standards of responsibility for a landowner to his neighbors, do not purport to impose delictual liability for violation of the standards and do not specify whether responsibility is founded on negligence, intentional misconduct, or abuse of right. However, judicial decisions have clarified that conduct by a proprietor violative of Articles 667-669 may give rise to delictual liability, without negligence, as a species of fault within the meaning of La. Civ.Code art. 2315." Inabnet v. Exxon Corp., 93-0681, p. 9 (La.9/6/94); 642 So.2d 1243, 1251 (citing Chaney v. Travelers Ins. Co., 259 La. 1, 249 So.2d 181, 186 (1971)).
[33] Articles 2317.1, 2321, and 2322 of the Louisiana Civil Code address damage caused by ruin, vice, or defect in things, damage caused by animals, and damage caused by ruin of a building, respectively. See Frank L. Maraist and Thomas C. Galligan, Jr. Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law: 71 Tul. L.Rev. 339, 364 (1996) (discussing the substantive changes in the language of article 667 regarding "could have been prevented," "reasonable care" and "res ipsa loquitur" and their similarity to that contained within article 2317.1 of the Louisiana Civil Code, and in the amendments to articles 2321 and 2322.)
[34] "In these days of long term leases, complex mineral rights, and horizontal property divisions it would be a mistake to limit the word "proprietor" to its early nineteenth-century connotation, thus ignoring modern developments in property rights." Ferdinand F. Stone, Tort Doctrine in Louisiana: The Obligations of Neighborhood, 40 Tul.L.Rev. 701, 711 (1966).
[35] See also Yiannopoulos, Predial Servitudes, 4 Louisiana Civil Law Treatise, § 43 (West 2004):

Limiting the meaning of the word "work" to constructions might thus be contrary to the intent of the redactors, and it would certainly be contrary to the pronouncements of an impressive Louisiana jurisprudence. While the literal interpretation of Articles 667 and 668 in the light of their historical derivation might leave room for the view that the word work means merely constructions, a teleological interpretation of the same articles leads to the conclusion that the word work ought to include acts. As a matter of policy, it is preferable to assert that Articles 667 and 668 apply to all situations in which constructions or activities cause unwarranted harm to property or persons. The contrary view would eliminate a most important basis of civil responsibility in the framework of vicinage.
[36] While not binding upon our decision today, we find it important to note the Court of Appeal's statement that Borenstein v. Joseph Fein Caterers, Inc., 255 So.2d 800 (La.App. 4 Cir.1971), overruled Burke v. Besthoff Realty Co., 196 So.2d 293 (La.App. 4 Cir.1967). We do not find any indication that the court in Borenstein summarily overruled Burke. Maintaining liability vis-à-vis the landlord owner of the premises as the person who created the nuisance in Borenstein, but noting that the person who creates the nuisance is responsible for the damages it causes, the court merely declined to follow the "restricted view" in Burke v. Besthoff Realty Co., 196 So.2d 293 (La.App. 4 Cir.1967), that a "proprietor" under Louisiana Civil Code article 667 is limited to only a property owner, and Burke's finding that the term "proprietor" does not extend to his or her lessee. Id. at 805. Thus, to the extent Borenstein may have overruled any portion of the Burke case, it did so only to find that a lessee could be held liable under Louisiana Civil Code article 667 as the person responsible for the alleged damaging activity. Moreover, both Burke and Borenstein were decided well before the 1996 amendments to article 667, which, as discussed above, imposed a negligence standard for determining the liability of the proprietor of an estate for constructions or activities on his or her estate.
[37] See also, Willis v. Medders, 00-2507, p. 2 (La.12/8/00); 775 So.2d 1049, 1050 (per curiam) ("[D]espite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor.")
[38] Louisiana Code of Civil Procedure article 966 provides:

A.(1) The plaintiff or defendant in the principal or an incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
[39] We note that although we do not have reasons for the trial court's judgment granting summary judgment in favor of defendant 615 Bourbon Street, L.L.C. in this matter, if the trial court treated the motion for summary judgment as a peremptory exception of no cause of action, (an exception that defendant appears to disguise in its motion for summary judgment by arguing that plaintiffs incorrectly named defendant "d/b/a" The Rock, and therefore, 615 Bourbon Street, L.L.C. has no liability in this matter), the trial court was in error in not allowing the plaintiffs to amend their petition to correctly identify the parties. Article 963 of the Louisiana Code of Civil Procedure provides:

When the grounds of the objection pleaded by the peremptory exception, may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
See also Robinson v. N. Am. Royalties, Inc., 470 So.2d 112, 114 (La.1985) (per curiam) (holding that when the grounds of an objection pleaded by peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment).
[40] Because we find that defendant did not meet its initial burden as mover for summary judgment, it is not necessary for us to address plaintiffs' other allegations against the defendant under La. R.S. 9:3221, La. R.S. 26:286(A)(14)(a), and La. R.S. 26:90(A)(14).