PER CURIAM.
pin this application, the defendant, UNUM Life Insurance Company of America (“UNUM”), seeks review of a judgment of the court of appeal which reversed the district court’s grant of summary judgment in favor of UNUM and dismissal of the suit filed by the plaintiff, Kenneth Hawkins. Upon review, we conclude the court of appeal erred in finding there exist genuine issues of material fact concerning long-term disability payments made by UNUM to its insured, the plaintiff, and whether penalties and attorney’s fees are awardable.
The plaintiff, a licensed attorney, was involved in a vehicular accident on October 3,1998. Following his submission of claim materials to UNUM, the plaintiff was notified that the insurer was evaluating his claim as one of partial or residual disability for the period from the date of the accident to the date he underwent spinal surgery on November 2, 1999 because he continued to engage in the practice of law in some capacity. The plaintiff filed suit against UNUM seeking total disability benefits for the period from the date of the accident to the date of his surgery, as well as statutory penalties and attorney’s fees for the insurer’s arbitrary and capricious failure to timely pay his claim within the *26 statutory thirty-day period set forth in La. R.S. 22:1821.
li>Over five years after suit was filed, UNUM paid the plaintiff partial disability benefits for the time period between the accident and the spinal surgery. The payment was made shortly after the plaintiff complied with UNUM’s written requests for the production of his financial information for the purposes of assessing his qualification for partial and/or residual disability benefits under the terms of the policy.
Subsequently, UNUM filed a motion for summary judgment to dismiss the plaintiff’s suit on the basis the insurer fully and timely satisfied its payment obligations under the terms of the pertinent contracts of insurance. The district court relied on the plaintiffs medical records, which documented his continued practice of law, to determine he was entitled to partial or residual disability benefits, and not total disability benefits, for the period from the date of the accident to the date of his first surgery. The district court also concluded the plaintiffs claim was timely paid within the thirty-day statutory period following UNUM’s receipt of the satisfactory proof of claim. The court recognized penalties and attorney’s fees were not appropriate because the five-year delay in payment was solely attributable to the plaintiffs failure to comply with his statutory[1] and contractual obligations to provide the mandated proof of income for the insurer’s calculation of benefits.
The court of appeal reversed the trial court’s grant of summary judgment concluding that there exist genuine issues of material fact “concerning the timing of the payments by UNUM to [the plaintiff] and whether he is still owed additional payments.” In addressing the issue of whether UNUM was arbitrary and capricious in its failure to pay benefits for the period from the date of the accident to the date of the surgery, the court of appeal questioned whether the financial documentation ^requested from the plaintiff was necessary to a determination of benefits. The court of appeal noted the insurer had made disability payments to the plaintiff for an unrelated six-month period of total disability in 2000 in the absence of the requested financial information. Moreover, the court of appeal questioned whether the plaintiff should have received disability benefits for other periods of time, namely, in the three months following the spinal surgery and a brief time following a subsequent lumbar surgery. The court of appeal concluded the resolution of these issues would determine whether UNUM was liable for penalties and attorney’s fees.
“Appellate courts review summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant.” Yokum v. 615 Bourbon Street, L.L.C., 07-1785, p. 25 (La.2/26/08), 977 So.2d 859, 876 (citing Suire v. Lafayette City-Parish Consol. Gov’t, 04-1459 (La.4/12/05), 907 So.2d 37). In its application, UNUM urges the court of appeal erred in reversing the trial court’s grant of summary judgment because the appellate court exceeded the scope of the issues subject of the appeal. As correctly noted in the district court’s reasons for judgment, the only issue before the lower courts was whether or not UNUM erred in awarding residual disability benefits for the period from the date of the accident on October 3, 1998 to the date of the surgery on November 2, 1999, and whether the payment of benefits was untimely such *27 that it was arbitrary and capricious. It is uneontested the plaintiff did not seek judicial relief for the payment of disability benefits for any other time period. Thus, the court of appeal erred in considering an argument not raised in the district court. Boudreaux v. State, Dept. of Transp. & Dev., 01-1329 (La.2/26/02), 815 So.2d 7.
Turning to the merits of the claims subject of this court’s de novo review, we |4find no error in the district court’s conclusion that the documentary evidence supported UNUM’s denial of total disability benefits for the time period subject of the litigation, and that UNUM’s payment of residual benefits was timely, and not arbitrary and capricious. The court of appeal erred in finding a genuine issue of material fact exists as to whether the requested financial documentation was a contingency to an award of benefits. The plaintiff was statutorily and contractually obligated to produce the financial information for his proof of claim. Although the plaintiff was apprised that the information was crucial to the assessment of his entitlement to benefits, he knowingly and intentionally failed to comply over the course of several years with the insurer’s good faith efforts to resolve his disability claim. Once the economic information was provided to the insurer, benefits were paid within the thirty-day statutory delay. Under the totality of these facts, we find there is no genuine issue of material fact that UNUM’s refusal to pay the plaintiff disability benefits prior to its receipt of his economic information was not arbitrary, capricious, or without probable cause under La. R.S. 22:1821.
“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action,” and this “procedure is favored and shall be construed to accomplish these ends.” La. Code Civ. P. art. 966(A)(2). The law provides if the record show there is no genuine issue of material fact, then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ. P. art. 966. Applying these principles, we conclude summary judgment was appropriate. Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the ruling of the district court is reinstated.
JOHNSON, J., would deny.

. See La. R.S. 22:1821(A).