# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 05-674

RICHARDA D. MESH

VERSUS

CHRISTUS ST. PATRICK HOSPITAL

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 99-07188
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

## GLENN B. GREMILLION
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

John F. DeRosier
DeRosier & Barrett
125 W. School St.
Lake Charles, LA 70605
(337) 474-0820
Counsel for Plaintiff/Appellee:
    Richarda D. Mesh

David L. Morgan, Esq.
Stockwell, Sievert, Viccellio,
Clements & Shaddock, L.L.P.
P.O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
Counsel for Defendant/Appellant:
    Christus St. Patrick Hospital

GREMILLION, Judge.

The defendant, Christus St. Patrick Hospital, appeals the judgment of the trial court finding that the amended petition filed by the plaintiff, Richarda Mesh, had not prescribed. For the following reasons, we affirm.

## FACTS

Mesh, who was employed as a pharmaceutical technician for Christus St. Patrick, suffered an injury to her left knee on February 14, 1999. She filed a Disputed Claim for Compensation on October 11, 1999, after she was denied the medical treatment prescribed by her orthopedic surgeon, Dr. Lynn Foret. In response, Christus St. Patrick answered her claim and filed an exception of insufficiency of process. On June 14, 2002, Mesh filed a Supplemental and Amended Petition for Compensation Benefits after she aggravated her knee injury and Christus St. Patrick denied the surgical treatment prescribed by Dr. Foret.

The matter proceeded to a hearing on the merits on January 19, 2005, after which the workers' compensation judge found that Mesh's claim had not prescribed and awarded her compensation benefits. A judgment was rendered in this matter on March 11, 2005. Christus St. Patrick has appealed suspensively from this judgment.

## ISSUE

On appeal, Christus St. Patrick's sole assignment of error argues that the workers' compensation judge erred in finding that Mesh's amended petition had not prescribed.

1

## PRESCRIPTION

At the outset, we note that Christus St. Patrick has never filed an exception of prescription. The peremptory exception of prescription may only be raised by the urging party and it must be specifically plead through a formal, written exception. La.Code Civ.P. art. 927. Arguing the issue either orally or in a memorandum to the court does not suffice. *Box v. City of Baton Rouge*, 02-198 (La.App. 1 Cir. 1/15/03), 846 So.2d 13; *dela Vergne v. dela Vergne*, 99-364 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271. As a trial court is not allowed to supply this exception and since Christus St. Patrick failed to specifically plead such, we find that the exception of prescription was not properly before the workers' compensation judge.

Nevertheless, we find no error in the workers' compensation's judge's finding that Mesh's amended petition was not prescribed. Mesh's original Disputed Claim for Compensation put Christus St. Patrick on notice that she had suffered a work-related left knee injury for which it subsequently authorized medical treatment. As her amended petition arose out of that same factual situation as her original claim, the workers' compensation judge did not err in finding that the amended petition related back to her original timely filed claim. *Winford v. Conerly Corp.*, 04-1278 (La. 3/11/05), 897 So.2d 560; La.Code Civ.P. art. 1153.

## CONCLUSION

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed.

**AFFIRMED.**

2