# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-947

DR. HARRY KLEINMAN

VERSUS

WILLIAM PATRICK BENNETT

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-4075, DIVISION B
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED.

Scott J. Pias
522 Alamo Street
Lake Charles, Louisiana 70601
(337) 436-1288
Counsel for Defendant/Appellant:
    William Patrick Bennett

P. David Olney
921 Ryan Street
Lake Charles, Louisiana  70601
(337) 436-1644
Counsel for Plaintiff/Appellee:
    Dr. Harry Kleinman

**GENOVESE, Judge.**

Defendant, William Patrick Bennett, appeals the trial court's grant of summary judgment in favor of Dr. Harry Kleinman. For the following reasons, we reverse the trial court judgment and remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2010, Dr. Kleinman filed a lawsuit alleging that Mr. Bennett owed him money. According to Dr. Kleinman's petition, Mr. Bennett "is indebted to [him] in the amount of . . . ($34,743.64) with ten percent (10%) interest thereon from June 6, 2001, until paid, and for all costs of this suit[.]" Dr. Kleinman's petition further alleges "[o]n June 5, 2001, [he] loaned $34,743.64 to [Mr. Bennett], and [at] that time, [Mr. Bennett] gave [him] an 'IOU' dated June 5, 2001, and indicating the amount of the loan plus [ten percent] interest." Finally, Dr. Kleinman acknowledges that "[o]n April 5, 2005, [Mr. Bennett] paid $15,000.00, and on April 6, 2005, [Mr. Bennett] paid an additional $5,000.00 towards the debt." Mr. Bennett filed an answer, in proper person, on August 24, 2010, denying all allegations set forth in Dr. Kleinman's petition.

On January 31, 2011, Dr. Kleinman filed a Motion for Summary Judgment asserting:

> [He] is entitled to a Summary Judgment granting the relief prayed for in his petition on the grounds that the pleadings and documents on file herein, and the sworn Affidavits annexed hereto . . . show that there is no real or genuine issue as to any material fact and [that he was] entitled to [judgment] as a matter of law[.]

In support of his motion, Dr. Kleinman submitted two affidavits: his own, and an affidavit from John S. Hood. The assertions contained in Dr. Kleinman's affidavit mirror every allegation set forth in his petition, with the addition of one allegation, namely:

Prior to [Mr. Bennett's] payments [made on April 5, 2005 and April 6, 2005, Dr. Kleinman] delivered to counsel for [Mr. Bennett] the subject "IOU" (along with some other "IOU"s) in an attempt to get some of the debts satisfied. When the "IOU"s were copied and returned to [him], the subject "IOU" was not returned, and [he] has not seen it since that time.

The affidavit of Mr. Hood asserted that he is an attorney and that he was present in a representative capacity on behalf of Dr. Kleinman during alleged settlement negotiations which occurred prior to the instant suit being filed. According to Mr. Hood:

On June 18, 2009, representing [Dr. Kleinman], he met with [Mr. Bennett] and his attorney, Jay Delafield[,] at Mr. Delafield's office to discuss the balance due and payment arrangements on the original loan of $34,743.04 [sic]. Mr. [Bennett]'s payments of $15,000.00 and $5,000.00 were acknowledged, and payment of the balance was discussed. At that point, there was a dispute as to the amount of interest on the loan, and Mr. [Bennett] indicated he would pay the principal only on the balance remaining, $15,000.00, by the end of the year.

The record indicates that on Feburary 24, 2011, Mr. Bennett, in proper person, filed a Reconventional Demand and a Motion and Order for Continuance. In his Reconventional Demand, Mr. Bennett alleged that Dr. Kleinman owed him money as a result of a "business relationship." Mr. Bennett sought a judgment "rejecting [Dr.] Kleinman[']s demands and condemning [Dr. Kleinman] to pay [him] such damages as are reasonable[.]" Mr. Bennett's Motion and Order for Continuance sought to delay the hearing set for March 4, 2011, on Dr. Kleinman's Motion for Summary Judgment, in order "to allow for discovery to take place in the [R]econventional Demand filed this day in this matter." The trial court denied Mr. Bennett's request for a continuance.

The hearing on Dr. Kleinman's Motion for Summary Judgment was held on March 4, 2011. At said hearing, Mr. Bennett was represented by counsel. Counsel for Mr. Bennett sought to enter an oral plea of prescription; however, the trial court

2

declared, "you can do that on appeal. You can do that after a judgment, but I'm not going to on the day of a hearing on a summary judgment allow the defendant to disrupt the orderly process of the case." After hearing arguments by both counsel which focused primarily on whether this matter had prescribed, the trial court granted Dr. Kleinman's Motion for Summary Judgment. A judgment was signed on March 22, 2011, in favor of Dr. Kleinman and against Mr. Bennett "in the full sum and amount of $34,743.64, with 10% interest per annum, from June 6, 2001, until paid, subject to a credit of $20,000.00, and for all costs of these proceedings." Mr. Bennett has appealed.

## ASSIGNMENTS OF ERROR

Mr. Bennett asserts the trial court erred: (1) "in giving weight to the self[-]serving [a]ffidavit of [John S. Hood;]" (2) "in granting the Motion for Summary Judgment despite the genuine issue of material fact[;]" and (3)

> in granting a [j]udgment on amount owed when[,] on the face of pleadings, the loan had prescribed and no specific evidence of any acknowledgement of the debt to interrupt or suspend prescription. [Mr. Bennett's r]econventional demand alleged amounts owed by [Dr. Kleinman to Mr. Bennett] which offsets any amount owed by [Mr. Bennett].

## DISCUSSION

### *Standard of Review*

"Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant." *Yokum v. 615 Bourbon Street, L.L.C.*, 07-1785, p. 25 (La. 2/26/08), 977 So.2d 859, 876 (citing *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So.2d 37). Louisiana Code of Civil Procedure Article 966(A)(2) states "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive

3

determination of every action," and this "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C). Dr. Kleinman, as the movant herein, bears the initial burden of proof and must show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). If he successfully meets his burden, then the burden shifts to Mr. Bennett to present factual support adequate to establish that he will be able to satisfy his evidentiary burden at trial. *Id*. If Mr. Bennett fails to produce the factual support necessary to establish that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. *Id*.

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id*.

*Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66.

After reviewing the record, we find this suit is not ripe for disposition by summary judgment. The trial court erred in granting summary judgment in favor of Dr. Kleinman. In *Edwards v. Larose Scrap & Salvage, Inc.*, 10-596, p. 3 (La.App. 3 Cir. 12/8/10), 52 So.3d 1009, 1011-12 (quoting *Brittain v. Family Care Servs., Inc.*, 34,787, p. 4 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460), this court stated the following principals by which we are guided:

> Even though the summary judgment procedure is favored, it is not a substitute for trial and is often inappropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. *Oaks v. Dupuy*, 32,070 (La.App.2d Cir. 8/18/99), 740 So.2d 263, (*citing Greer v. Dresser Industries, Inc.*, 98-129 (La.App.

4

3d Cir. 7/1/98), 715 So.2d 1235). One reason is that these subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. *Id.* Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts.

In the instant matter, there are questions of material fact as to how much, if anything, is owed by Mr. Bennett to Dr. Kleinman, what amount of interest was agreed upon by Mr. Bennett, and what amount Dr. Kleinman owes, if anything, to Mr. Bennett for alleged storage fees as asserted in Mr. Bennett's reconventional demand. The issue of Mr. Bennett's reconventional demand was not addressed by the trial court. Neither the affidavit of Dr. Kleinman nor the affidavit of Mr. Hood prove what, if anything, is owed by Mr. Bennett to Dr. Kleinman. Though the affidavit of Mr. Hood may support the finding that Mr. Bennett did acknowledge that he owes Dr. Kleinman money, it also clearly states that the question of how much interest Mr. Bennett owes was not agreed upon or acknowledged. Dr. Kleinman's affidavit states that Mr. Bennett agreed to ten percent interest; however, the affidavit of Mr. Hood asserts that Mr. Bennett disputed the ten percent interest rate in the 2009 settlement negotiations that Mr. Hood witnessed. These disputed questions of material fact prohibit disposition by summary judgment.

Finally, though there was an oral motion of prescription made at the summary judgment hearing, Mr. Bennett has never filed an exception of prescription.

> The peremptory exception of prescription may only be raised by the urging party and it must be specifically plead [sic] through a formal, written exception. La.Code Civ.P. art. 927. Arguing the issue either orally or in a memorandum to the court does not suffice. *Box v. City of Baton Rouge*, 02-198 (La.App. 1 Cir. 1/15/03), 846 So.2d 13; *dela Vergne v. dela Vergne*, 99-364 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271.

5

*Mesh v. Christus St. Patrick Hosp.*, 05-674, p. 2 (La.App. 3 Cir. 12/30/05), 918 So.2d 559, 560. Therefore, the issue of prescription is not before this court and cannot be considered.

Based on our *de novo* review, we find the evidence presented by Dr. Kleinman does not satisfy his burden of proving that no genuine issue of material fact exists. Dr. Kleinman has not demonstrated that he is entitled to summary judgment on his claim, and Mr. Bennett's reconventional demand has not been addressed. This case must, therefore, proceed to trial on the merits. The trial court erred in granting Dr. Kleinman's motion for summary judgment; therefore, the judgment of the trial court is reversed, and this matter is remanded for further proceedings.

## DECREE

For the foregoing reasons, the Motion for Summary Judgment granted in favor of Dr. Harry Kleinman is reversed, and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Plaintiff/Appellee, Dr. Harry Kleinman.

**REVERSED AND REMANDED.**