# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-559

## CONSOLIDATED WITH

## 12-560

**GRAVITY DRAINAGE
DISTRICT 8 OF WARD 1**

**VERSUS**

**LARRY DOIRON, INC.,
BROUSSARD CONSTRUCTION
CO. OF ACADIANA, LLC, AND
WESTERN SURETY COMPANY**

**CONSOLIDATED WITH**

**BROUSSARD CONSTRUCTION
COMPANY OF ACADIANA, LLC,
INDIVIDUALLY AND AS SUBROGEE OF
LARRY DOIRON, INC.**

**VERSUS**

**GRAVITY DRAINAGE
DISTRICT 8 OF WARD 1**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NOS. 2009-3889 AND 2009-4425
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Robin A. Sylvester**
**Sylvester Law Firm, LLC**
**Post Office Box 80582**
**Lafayette, Louisiana 70598**
**(337) 513-0504**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Broussard Construction Company of Acadiana, LLC**


**Russell J. Stutes, Jr.**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, Louisiana 70601**
**(337) 433-0022**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Gravity Drainage District 8, Ward 1**


**Terry J. Johnson**
**Johnson & Vercher, L.L.C.**
**910 Ford Street**
**Post Office Box 849**
**Lake Charles, Louisiana 70601**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Larry Doiron, Inc.**

**GENOVESE, Judge.**

Broussard Construction Company of Acadiana, LLC (Broussard) appeals the granting of summary judgments in favor of Gravity Drainage District 8 of Ward 1 (the District) and Larry Doiron, Inc. (Doiron) and the award of $59,988.00 in attorney fees to the District. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2009, the District filed a Concursus Rule to Cancel Public Works Act Lien[1] against Doiron, Broussard, and Western Surety Company.[2] According to the District's pleading, "[i]n July of 2008, . . . Doiron entered into a [C]ontract with [t]he District to remove all hurricane [d]ebris from Indian Bayou/Little Indian Bayou (the 'Project')" for a fee of $204,000.00. In August of 2008, Doiron "entered into a joint venture agreement with . . . [Broussard] whereby Broussard would provide all labor[,] equipment[,] and materials to complete the Project." It was agreed that Doiron would keep ten percent of the $204,000.00 fee, pay all costs of obtaining the performance bond, and pay any additional insurance costs. On October 14, 2008, the District, Broussard, and Doiron executed Change Order Number One "to significantly reduce the scope of the Project and have [Doiron and Broussard] complete the reduced scope of work for the original lump sum bid of $204,000[.00]." A Certificate of Substantial Completion was filed by the District on January 26, 2009.

On March 27, 2009, Broussard filed a Lien Under the Public Works Act against the District alleging that "[d]uring the course of performance of the work contemplated by the Contract documents, representatives of the [District]

---

[1]This pleading was filed under docket number 2009-3889.

[2]Western Surety Company was the guarantor of the performance bond obtained by Doiron.

instructed Doiron and Broussard to perform storm-related debris removal at locations other than those identified in the Contract as modified by [Change Order Number One]." According to Broussard's lien, Doiron and, alternatively, the District owed him $1,153,000.00 for work allegedly performed in excess of the terms of the Contract and Change Order Number One.

The District's Concursus Rule to Cancel Public Works Act Lien prayed for judgment ordering the cancellation of the lien filed against it by Broussard and sought damages and attorney fees from Doiron and Broussard pursuant to La.R.S. 38:2242.1[3] and La.R.S. 38:2246.[4]

---

[3]Louisiana Revised Statutes 38:2242.1 provides:

A. If a statement of claim or privilege is improperly filed or if the claim or privilege preserved by the filing of a statement of claim or privilege is extinguished, the public entity, contractor, or subcontractor, or other interested person may require the person who has filed a statement of claim or privilege to give a written authorization directing the recorder of mortgages to cancel the statement of claim or privilege from his records. The authorization shall be given within ten days after a written request for authorization has been received by the person filing the statement of claim or privilege from a person entitled to demand it.

B. One who, without reasonable cause, fails to deliver written authorization to cancel a statement of claim or privilege as required by Subsection A of this Section shall be liable for damages suffered by the public entity, contractor, subcontractor, or other interested person requesting the authorization as a consequence of the failure and for reasonable attorney's fees incurred in causing the statement to be cancelled.

C. A person who has properly requested written authorization for cancellation shall have an action against the person required to deliver the authorization to obtain a judgment declaring the claim or privilege extinguished and directing the recorder of mortgages to cancel the statement of claim or privilege if the person required to give the authorization fails or refuses to do so within the time required by Subsection A of this Section. The plaintiff may also seek recovery of damages and attorney's fees to which he may be entitled under this Section.

D. The action authorized by this Section may be by summary proceeding and may be brought in the parish where the statement of claim or privilege is recorded.

E. The recorder of mortgages shall cancel a statement of claim or privilege from his records by making an appropriate notation in the margin of the recorded statement upon the filing with him, by any person, of:

On September 11, 2009, Broussard[5] filed a Suit on Open Account and to Enforce Lien or Privilege[6] against the District. According to its suit, Broussard sent an invoice for $1,153,000.00 with a notice of intent to file a lien against the District in March of 2009. Broussard's suit prayed for "a judgment recognizing, maintaining, and enforcing the lien and privilege on the funds held by [the District] for [the] improvement of property in Calcasieu Parish[]" and sought $1,153,000.00 from the District which allegedly "represent[ed] the amount owed for [the] work that Doiron and Broussard performed that was beyond the scope of the Contract and subsequent Change Order."

On September 23, 2010, the District filed a motion for summary judgment, seeking a dismissal of all of Broussard's claims "because the terms of its

---

> (1) A written request for cancellation, to which is attached a written authorization for cancellation given by the person who filed it; or
>
> (2) A certified copy of an executory judgment declaring the claim or privilege extinguished and directing the cancellation.
>
> F. The effect of filing for recordation of a statement of claim or privilege and the privilege preserved by it shall cease as to third persons unless a notice of lis pendens identifying the suit is filed within one year after the date of filing the claim or privilege. In addition to the requirements of Article 3752 of the Code of Civil Procedure, the notice of lis pendens shall contain a reference to the notice of contract, if one is filed, or a reference to the recorded statement of claim or privilege if a notice of contract is not filed.

[4]Louisiana Revised Statutes 38:2246 provides:

> A. After amicable demand for payment has been made on the principal and surety and thirty days have elapsed without payment being made, any claimant recovering the full amount of his timely and properly recorded or sworn claim, whether by concursus proceeding or separate suit, shall be allowed ten percent attorney's fees which shall be taxed in the judgment on the amount recovered.
>
> B. If the trial court finds that such an action was brought by any claimant without just cause or in bad faith, the trial judge shall award the principal or surety a reasonable amount as attorney's fees for defending such action.

[5]In its pleading, Broussard also asserted that "[o]n July 21, 2009, Doiron assigned all of its rights related to this project to [it]."

[6]This pleading was filed under docket number 2009-4425.

3

[C]ontract for [the] debris-removal project in Indian Bayou/Little Indian[] Bayou with [the District have] been fulfilled." The same day, Doiron filed a motion for summary judgment against Broussard also seeking a dismissal of Broussard's claims.

On September 24, 2010, Broussard filed its own motion for summary judgment. Broussard's motion sought "identification of the Scope of Work of both the Original Contract between the District and Doiron, and the modifications to the Scope of Work made by Change Order [Number One] to the Contract . . . ."

The trial court heard arguments on the parties' three motions for summary judgment on October 14 and 21, 2010. Broussard argued that the Contract and subsequent Change Order Number One were ambiguous and sought the introduction of parole evidence to determine the parties' intent. The District and Doiron argued that the Contract and Change Order Number One were unambiguous and contended that the terms clearly reflected a lump sum contract. The trial court ultimately denied Broussard's motion and granted the motions filed by the District and Doiron.

On November 30, 2010, the trial court heard arguments on the District's claim against Broussard for attorney fees. The District argued, pursuant to La.R.S. 38:2242.1(B), that Broussard, without reasonable cause, failed to authorize the cancellation of its lien against the District; therefore, the District was entitled to attorney fees from Broussard. The trial court granted the District's motion.

A judgment granting the motions for summary judgment filed by Doiron and the District, and granting the District's motion for attorney fees in the amount of $59,988.00 was signed by the trial court on December 30, 2010. It is from this judgment that Broussard appeals.

4

## ASSIGNMENT OF ERROR

Broussard asserts that the trial court "erred in granting the summary judgments [in favor of] Doiron and the District[] and in awarding attorney fees and costs to the District."

## LAW AND DISCUSSION

### *Motions for Summary Judgment*

> "Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant." *Yokum v. 615 Bourbon Street, L.L.C.*, p. 25 (La. 2/26/08), 977 So.2d 859, 876 (citing *Suire v. Lafayette City-Parish Consol. Gov't.*, 04-1459 (La. 4/12/05), 907 So.2d 37). Louisiana Code of Civil Procedure Article 966(A)(2) states "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action," and this "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C).

*Kleinman v. Bennett*, 11-947, pp. 3-4 (La.App. 3 Cir. 12/7/11), 80 So.3d 689, 691-92.

Broussard asserts that the amount of debris removed was five times more than what was contemplated in the District's estimate. Broussard contends the trial court erred in granting the District's and Doiron's motions for summary judgment due to genuine issues of material fact relative to the Contract's definition of the scope of work and relative to Change Order Number One's modification of the scope of work.

The District argues "that Broussard and Doiron twice (once in the original contract and [once] in the change order) agreed to perform all the debris removal for $204,000.00." The District claims, and Doiron concurs, that the Contract and Change Order Number One were unambiguous as to the amount of work the

5

District expected Doiron and Broussard to perform for the contractual price of $204,000.00.

We find no merit to Broussard's argument. The terms of the Contract clearly state that for $204,000.00, debris would be removed from a certain specified section of Indian Bayou and Little Indian Bayou. The terms of Change Order Number One even reduced the size of the section from which debris would be removed without reducing the amount to be paid. At no time was there any alteration or change in the contractual amount to be paid. Broussard had ample opportunity at the time of Change Order Number One to redress any grievance about the type or amount of the work he was to perform in accordance with the Contract. Broussard failed to and/or refused to do so. The District did not agree at any time, by contract or otherwise, to pay more than the lump sum price of $204,000.00 for the work to be done. Consequently, Broussard is bound by the Contract.

Pursuant to our review of the record, using the required de novo standard of review, we find no error in the trial court's grant of summary judgments in favor of the District and Doiron.

*Attorney Fees*

Broussard argues that the trial court erred in ordering it to pay attorney fees to the District in connection with the wrongful filing of its lien. Based on its interpretation of the Contract and Change Order Number One, Broussard contends that the lien was proper because the District owed it money. Having found no error in the trial court's finding that the Contract and Change Order Number One were unambiguous, we reject this argument. The trial court correctly found that the District is entitled to attorney fees incurred in connection with pursuing the cancellation of the lien filed by Broussard.

**DECREE**

For the foregoing reasons, the December 30, 2010 judgment of the trial court is affirmed in all respects. All costs of these proceedings are assessed against Appellant, Broussard Construction Company of Acadiana, LLC.

**AFFIRMED.**