# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-561


JANET TROQUILLE

VERSUS

STIRLING PROPERTIES, INC., ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 246,019
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**REVERSED, RENDERED, AND REMANDED.**


**Michael Thomas Johnson**
**Johnson & Siebeneicher**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Liberty Mutual Insurance Co.**
     **Stirling Properties, Inc.**

**Marvin Gros**
**Law Office of Marvin Gros**
**P. O. Box 1040**
**Donaldsonville, LA 70346**
**(225) 473-7868**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Janet Troquille**

**PICKETT, Judge.**

Janet Troquille appeals the judgment of the trial court granting the motion for summary judgment filed by the defendants, Stirling Properties, Inc., and their insurer, Liberty Mutual Insurance Company.

## STATEMENT OF THE CASE

While walking through a parking lot, Mrs. Troquille collided with a metal handicap sign atop a concrete pedestal. She suffered lacerations to her face. She sued Stirling Properties, the owner of the parking lot, and its insurer, Liberty Mutual (collectively "the defendants"). In her deposition, Troquille admitted that she was talking to her husband and not watching where she was going at the time of the accident. The defendants filed a motion for summary judgment.

In opposition to the motion for summary judgment, Troquille included an affidavit from an expert, Mitchell A. Wood. The defendants filed a motion to strike the affidavit of Mr. Wood, alleging that it did not meet the reliability requirements of expert testimony found in La.Code Evid. art. 702. Following a hearing, the trial court granted the motion to strike the affidavit of Mr. Wood and granted the defendants motion for summary judgment. Mrs. Troquille appeals.

## ASSIGNMENTS OF ERROR

On appeal, Mrs. Troquille asserts one assignment of error:

> The district court erred in excluding the expert affidavit given by plaintiff's expert and in granting summary judgment without considering that affidavit.

## DISCUSSION

> "Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant." *Yokum v. 615 Bourbon Street, L.L.C.*, 07-1785, p.

25 (La.2/26/08), 977 So.2d 859, 876 (citing *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La.4/12/05), 907 So.2d 37). Louisiana Code of Civil Procedure Article 966(A)(2) states "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action," and this "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C).

*Kleinman v. Bennett*, 11-947, pp. 3-4 (La.App. 3 Cir. 12/7/11), 80 So.3d 689, 691-92.

In *Independent Fire Insurance Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226, our supreme court concluded that affidavits from experts that are not based on personal knowledge are admissible to support or defend against a motion for summary judgment. In reaching this conclusion, the court stated:

> [S]everal important underlying principles must be reinforced. The first is that the trial judge cannot make credibility determinations on a motion for summary judgment. *See Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc.*, 99-C-0201, p. 6 (La.10/19/99), 748 So.2d 417 ("[t]he rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony"); [Frank L. Maraist and Harry T. Lemmon, 1 Louisiana Civil Law Treatise, Civil Procedure, § 6.8, p. 145 (1999)] ("[i]n deciding a motion for summary judgment, the court must assume that all of the affiants are credible ..."). . . .Third, the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion." Maraist & Lemmon, *supra,* p. 145. Fourth, and most importantly, summary judgments deprive the litigants of the opportunity to present their evidence to a jury and should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under *Daubert-Foret* and the other applicable evidentiary rules, and is sufficient to allow a reasonable juror to conclude that the expert's opinion on a material fact more likely than not is true, the trial judge should deny the motion and let the issue be decided at trial.

*Id.* at 236 (footnote omitted).

The trial court found that because Mr. Wood, the expert retained by Mrs. Troquille, based his conclusions on photographs rather than personal knowledge, his affidavit was inadmissible. Mr. Wood's affidavit stated that the base of the sign Mrs. Troquille ran into should have been more clearly marked. He based his opinion on a "code," but did not specify which code. Mrs. Troquille introduced Mr. Wood's qualifications and a list of cases in which he has testified as an expert. The trial court specifically stated that it found Mr. Wood qualified. We find the trial court erred in ruling the affidavit of Mr. Wood inadmissible.

We now turn to the question of whether summary judgment was appropriate if the affidavit of Mr. Wood is considered. We find the affidavit creates a genuine issue of material fact about the hazard the handicap sign posed to Mrs. Troquille and the duty of Stirling Properties to ensure that the sign was properly marked. We reverse the judgment of the trial court.

## CONCLUSION

The expert affidavit of Mr. Wood is admitted. The judgment of the trial court granting summary judgment to the defendants is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Stirling Properties and Liberty Mutual Insurance Company.

**REVERSED, RENDERED, AND REMANDED.**