STEPHEN J. WINDHORST, Judge.
| .¿Plaintiff, Salvatore Ficarra, appeals from a judgment dMding.community property. Two items of property are at issue in this appeal, the status of a $100,006.00 Certificate of Deposit, and a reimbursement claim for car payments made by the community for Mr. Ficarra’s vehicle which was his separate property. For the following reasons, we affirm the decision of the trial court.
The parties were married on January 1, 1991. They physically separated on November 11, 1994, and Mr. Ficarra filed a petition for divorce on February 16, 1995. A final, judgment of divorce was rendered on January 9,1995.
On November 14,. 2011, Mrs. Ficarra filed a motion to set deadlines for Descriptive Lists. Both parties filed their descriptive lists, and also filed traversals of the descriptive lists of their - ex-spouses. An interim judgment was entered on November-12, 2013, based on the hearing officer’s -recommendation that the Certificate of Deposit be considered a-community asset. The hearing officer further found that the vehicle was the husband’s separate property and that the wife's claim, for reimbursement should be denied for failure of proof. An interim judgment was rendered on December 16, 2013.
LBoth parties filed objections to the hearing officer’s interim order. After a de novo hearing in the trial court, on March 19, 2014,' the court rendered judgment on the parties’ objections. The court denied Mr. Ficarra’s objection to the $100,000.00 Certificate of Deposit, finding that it was an asset of the community which existed between the parties. The court granted Mrs. Ficarra’s objection to the hearing-officer’s finding that she was not entitled to reimbursement of community funds. The court found that Mr. Ficarra admitted that he used community funds to pay for a vehicle he had purchased prior to the marriage.
On November 17, 2014, the trial court rendered judgment on the Final Partition of Community Property, ordering Mr. Fi-carra to pay to Mrs. Ficarra half the value of the $100,000.00 Certificate of Deposit, and $2,955.00 as reimbursement for one-half of the community funds used by him in paying the note, on his separate property. Mr. Ficarra appeals from the judgment of the trial court.
DISCUSSION
When spouses are unable to agree upon a partition of community property, the court shall divide the community assets and liabilities so that each spouse receives property of an equal net value. La. R.S. 9:2801; D’Spain v. D’Spain, 527 So.2d 309 (La.App. 5 Cir.1988). La. R.S. 9:2801 sets forth the procedure for judicial partition of community property and settlement of claims after dissolution of the marriage. Sherrod v. Sherrod, 97-907 (La.App. 5 Cir. 3/25/98), 709 So.2d 352. The trial court has broad discretion in adjudicating issues raised by divorce and partition of community property, and its findings of fact may not be set aside by the appellate court in the absence of “manifest error” or unless it is “clearly wrong.” Id. Where there is conflict in the testimony, reasonable evaluations of -credibility and reasonable inferences of fact: should not be disturbed upon review. Id.
*163 |4The Certificate of Deposit
At the hearings on the parties’ objections to the hearing officer’s recommendation, both parties agreed that they purchased a house on September 24,1992, for the price of $130,000.00 and that a Certificate of Deposit was pledged to secure the loan. The Certificate of Deposit was purchased on September 24,1992, in the name of Mr. Ficarra. The original certificate was lost, and a replacement- certificate was issued on June 25, 1993, also in the name of Mr. Ficarra. .The Certificate had a maturity date of September-24,1995. Mr. Ficarra claimed the earned interest from the Certificate of Deposit on his joint income tax returns with Mrs. Ficarra.
Mr. Ficarra testified that the Certificate of Deposit was purchased by his mother, Mary Musacchia, with funds from the sale of a business owned by Ms. Musacchia and run by Mr. Ficarra, Start Supply and Services, The sale documents showed that Mr. Ficarra’s mother was the president of the company; however, the documentation failed to prove that she owned the company. A printout from the Secretary of State’s office reflected that the business was registered on March 5, 1990. Mr. Ficarra is listed as the officer, director and registered agent for service of process. His mother’s name is not on that document. Mr. Ficarra could not produce any documentation to show that his mother was the 100% shareholder of the business, nor could he produce any documentation to show that his mother received any income from the business. Mr. Ficarra further testified his mother was' not involved in running the business. Mr. Ficarra had total control of the business bank accounts and used those accounts to pay for personal expenses, some of which he contended were related to the business, but which Mrs. Ficarra testified were household expenses and other expenses of the community,
IsThe evidence also established that Mr. Ficarra signed the $100,000.00 check, written on Start Supply’s account, for the purchase of the Certificate of Deposit. Mr, Ficarra contended that when the Certificate of Deposit was ■ released, the bank issued a cashier’s check in his name and he signed that check over to his mother. No documentary evidence was produced showing the recipient of the funds on the Certificate’s-release to be either Mr. Ficarra or Ms. Musacchia.
' Theophile Gauthier, Ms. Musacchia’s son from her first marriage} testified via deposition that he assisted Ms. Musacchia with her checking account after her husband died. Mr. Gauthier testified that she never had funds in excess of $11,000.00. He-had no knowledge of any business dealings between her and Mr. Ficarra, and he had no knowledge of the Certificate of Deposit, or her receipt of any large amounts of money. The Detailed Descriptive List for the Succession of Ms. Musacchia also fails to- contain any reference to the Certificate of Deposit or its proceeds.
Finally, Mr. Ficarra argues that the community filed for bankruptcy in 1994, and the Certificate of Deposit would have been seized during those proceedings. Pleadings from the bankruptcy proceedings indicate that the Certificate was left out of the-descriptive list .of assets, as were other assets of the community. In addition, the bankruptcy suit did not proceed to discharge, thus the community assets were not seized.
In its judgment, the trial court found that the $100,000.00 Certificate of Deposit was an asset of the community which existed between the parties. ■ We find no manifest error in this determination. The evidence, supports a conclusion that Mr. Ficarra received the proceeds *164 from the sale of the business Start Supply and Services, a business owned and/or controlled by him, which he used to provide income to the community. The sale occurred during the existence of the 1 (¡community, and Mr. Ficarra used a portion of those proceeds to purchase the Certificate of Deposit. Because the Certificate of Deposit was purchased with community funds, it too was an asset of the community, subject to partition.
Reimbursement for Car Payments
Mr. Ficarra testified at trial that during the marriage he owned a 1990 Toyota 4-Runner which he had purchased before the marriage, and that he continued to pay the note during the marriage. Mr. Ficarra testified that he paid $197.00 per month, for thirty months, on this separate property from proceeds from the business. The trial court granted Mrs. Ficarra’s claim for reimbursement for payment of Mr. Ficarra’s separate debt in the amount of $2,955.00, finding that Mr. Ficarra admitted the separate nature of the property and its payment from the business proceeds, which the court concluded was income attributable to him and therefore community property. We find- the trial court was not manifestly erroneous in this determination.
Prescription
Mr. Ficarra contends the trial court erred in its ruling on the Certificate of Deposit, arguing that its order requiring him to pay one-half of the value is tantamount to ordering an accounting of the funds in his control, which is subject to a three year prescriptive period under La. C.C. art. 2369.
The peremptory exception of prescription may only be raised by the urging party and it must be specifically plead through a formal, written exception. La. C.C.P. art. 927. Arguing the issue either orally or in a memorandum to the court does not suffice. Kleinman v. Bennett, 11-947 (La.App. 3 Cir. 12/07/11), 80 So.3d 689, 693. Mr. Ficarra did not raise the issue of prescription in the trial court, and only argues the issue in brief to this court. Thus, the issue of prescription is not before this court and cannot be considered.
17Furthermore, as Mrs. Ficarra correctly argues, once the trial court found that the Certificate of Deposit existed at the time of the termination of the community, the parties became owners in indivi-sión. Ownership in indivisión is impre-scriptible. La. C.C. art. 817.
CONCLUSION
For the above discussed reasons, the judgment of the trial court is affirmed. Costs are assessed against plaintiff/appellant, Salvatore Ficarra.
AFFIRMED