# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 CA 0687

## CALVIN J. HILL, INDIVIDUALLY AND AS THE EXECUTOR OF THE SUCCESSION OF ELNORA JOHNSON HILL

## VERSUS

## TMR EXPLORATION, INC., PARK EXPLORATION, INC., AND VITOL RESOURCES, INC.

*DATE OF JUDGMENT:* **NOV 2 9 2023**

ON APPEAL FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT
PARISH OF WEST BATON ROUGE, STATE OF LOUISIANA
NUMBER 41245, DIVISION B

HONORABLE TONYA S. LURRY, JUDGE

\* \* \* \* \* \*

| | |
|---|---|
| Brent K. DeLee<br>Kirby J. Guidry<br>Baton Rouge, Louisiana | Counsel for Plaintiffs-Appellants<br>Calvin J. Hill, et al. |
| Chad A. Aguillard<br>Ali Zito Meronek<br>New Roads, Louisiana | Counsel for Plaintiffs-In-<br>Intervention/Appellants<br>Roosevelt Hill, et al. |
| Thomas A. Nelson<br>New Roads, Louisiana | |
| Monique Marie Edwards<br>Baton Rouge, Louisiana | Counsel for Plaintiff-In-<br>Intervention/Appellant<br>Felix Hill |
| Isaac Jackson, Jr.<br>Brittany, Louisiana | |
| James A. Holmes | Counsel for Defendant/Appellee |

Deandra N. De Napoli
New Orleans, Louisiana

Halliburton Energy Services, Inc.

\* \* \* \* \* \*

BEFORE: HOLDRIDGE, CHUTZ, AND GREENE, JJ.

Disposition: **RULE TO SHOW CAUSE RECALLED AND APPEAL MAINTAINED; JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**CHUTZ, J.**

Plaintiffs, Calvin Hill, et al.[1] and plaintiffs-in-intervention, Roosevelt Hill, et al.[2] and Felix Hill (collectively "the Hills"), appeal a summary judgment dismissing their claims against Halliburton Energy Services, Inc. (Halliburton) with prejudice. For the following reasons, we affirm in part, reverse in part, and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter arises from a claim for subsurface trespass stemming from the drilling of an oil well. Its factual and procedural background is well known to this court, having previously come before this court on multiple occasions.[3]

The Hills are the owners of various undivided interests in a 22.768-acre tract of immovable property located in West Baton Rouge Parish ("the Hill property"). In 2006, TMR Exploration, Inc. ("TMR") and A. Wilbert's Sons, LLC entered into an oil and gas lease on Wilbert property located adjacent to the Hill property. Pursuant to the lease, TMR drilled an oil well located on the Wilbert property. Although TMR obtained a permit to directionally drill the well, the well also

---

[1] The Calvin Hill plaintiffs are: Calvin J. Hill; Charles Edward Hill; Marian Hill Walker a/k/a Merion Hill Walker; Esquemon Anthony Hill; Rhonda Foster; Dr. Russell Hill; Russell Hill; Dietrich Duane Hill a/k/a Duane Dietrich Hill; Dewayne Hill; Pamela Hill; Vincent Hill; Jeffrey Hill; Shawn Hill; Mary Charles; Mary Hill; Kendra Hill; Bernadette Hill; Kenneth Amorio a/k/a Kenneth Amario; Monica Walker a/k/a Monica Whitaker; Dionne Hill; DuWana Hill; Kimsiana Hill-Lathan a/k/a Kimsiana Hill-Latham; Andre Hill; Napoleon Whitaker; Mary Ativie; Merion Jean Johnson; Carnesha Stanton; Annette Whitaker-Woods a/k/a Annette Woods; Pernell Hill; Eurilee Hill; Karen Maze; Amos Lagarde; Ida Mae Hill Johnson; Shirley Lockman; Burnett Grevious; Albert Grevious; Stalette Brown; Emelda Hill; Amanda Harris; Leon Whitaker; Craig Hill; LaCora Whitaker; Monica Whitaker; Lee Whitaker; Rodney Hill; Edward Hill; Oran Hill and his heirs or representatives; Marcus Johnson; and Terrol Sanders.

[2] The Roosevelt Hill plaintiffs-in-intervention are: Roosevelt Hill; Alven Grevious a/k/a Alvin Grevious; Leo Hill; Demetria Jones a/k/a Dementia Jones; Kathryn Devezin-Joyner; Irene Sweeney; Douglas Joseph Sweeney; Debbie Marie Sweeney; Jacqueline Amanda Sweeney; Taylor Sweeney; Rachel Sweeney; JeVaughn Smith and Sonya Smith, individually and on behalf of Kristina Marie Charles; Kristina Charles; Ella Johnson; Victor Johnson; Lorenzo Hill; and Lorenzo Johnson.

[3] See e.g., *Hill v. TMR Exploration, Inc.*, 22-0036 (La. App. 1st Cir. 12/22/22) (unpublished), 2022 WL 17843781, writ denied, 23-00204 (La. 4/12/23), 359 So.3d 26; *Hill v. TMR Exploration, Inc.*, 22-0037 (La. App. 1st Cir. 10/4/22), 353 So.3d 823, writ denied, 22-01628 (La. 1/11/23), 352 So.3d 989; *Hill v. TMR Exploration, Inc.*, 16-0566 (La. App. 1st Cir. 6/13/17), 223 So.3d 556, 558, writ denied, 17-1163 (La. 10/27/17), 228 So.3d 1227.

3

contained a horizontal component, which allegedly caused the bottom hole of the well to trespass beneath the Hill property almost two miles beneath the surface. After completion of the well, TMR contracted with Halliburton to frack the well. On January 25, 2008, Halliburton performed successful fracking operations on the well that greatly increased its production.

On February 4, 2014, Calvin Hill, individually and in his capacity as executor of the Estate of Elnora Johnson Hill, filed suit for damages naming TMR and others involved in the operation of the well as defendants. Subsequently, the petition was amended to add additional plaintiffs who possessed an ownership interest in the Hill property. The Hills alleged TMR damaged the Hill property by unlawfully trespassing on the property, removing minerals from underneath the property, and converting the minerals to its benefit. Roosevelt Hill, et al. and Felix Hill filed petitions of intervention raising the same claims against TMR.

Subsequently, the Hills amended their respective petitions to add Halliburton as a defendant.[4] The Hills alleged Halliburton's fracking of the well caused underground damage to the Hill property by pumping mixtures containing fracking fluids and proppants[5] onto and into the Hill property. The Hills asserted Halliburton was also liable, together with TMR, for the damages resulting from the subsurface trespass and the removal of minerals from their property.

In July 2019, Halliburton filed a motion for summary judgment on the grounds that: (1) Halliburton had no legal duty to protect the Hills from subsurface trespass; (2) Halliburton is not a "proprietor" under La. C.C. art. 667, which imposes liability under certain circumstances on proprietors of immovable property

---

[4] Other parties not involved in this appeal were also named by the Hills as defendants.

[5] In the field of oil extraction, a "proppant" is "a material used in hydraulic rock fracturing in order to keep the fissures open and thereby aid extraction." Proppant, *Collins English Dictionary*, https://www.collinsdictionary.com/us/dictionary/english/proppant (last visited September 26, 2023).

for the damages activities on their property cause to neighbors; and (3) the Hills will be unable to establish Halliburton failed to exercise reasonable care in carrying out its fracking operations.[6] In addition to addressing these grounds, in their oppositions, the Hills also argued summary judgment was improper because Halliburton remained liable as a surety to TMR under La. R.S. 9:2773 in the event TMR was held liable under Article 667 and was unable to satisfy the claim against it.

Following a hearing on July 6, 2021, the district court took Halliburton's motion under advisement. On September 13, 2021, the district court issued a written ruling granting Halliburton's motion for summary judgment. In accordance with its ruling, the district court signed a judgment on October 15, 2021, granting Halliburton's motion for summary judgment and dismissing the claims of plaintiffs and intervenors against Halliburton in their entirety, with prejudice, and at plaintiffs' and intervenors' costs. The Hills have now appealed.

## RULE TO SHOW CAUSE

On August 17, 2022, this court *ex proprio motu* issued a rule to show cause noting the October 15, 2021 judgment was defective because: it contained insufficient decretal language identifying the relief granted or the party against whom relief was awarded; it failed to specify how costs were to be divided among plaintiffs and intervenors; and it failed to sufficiently identify what was included in "costs." On the joint motion of the parties pursuant to La. C.C.P. art. 1951, the district court signed an amended judgment on August 24, 2022, which corrected some of the deficiencies noted in this court's show cause order. Nevertheless, the

---

[6] In its reply memorandum, Halliburton also raised for the first time the issue of whether it actually committed a trespass onto the Hill property, arguing there was no evidence the fluids and proppants it pumped into the well ever reached the Hill property. This issue was not properly before the district court because it is improper on a motion for summary judgment for a court to consider an issue raised for the first time in a reply memorandum. See La. C.C.P. art. 966(F); Comment 2015 (l) to La. C.C.P. art. 966; *Daigrepont v. Shardan, Inc.*, 19-1083 (La. App. 1st Cir. 10/14/20) (unpublished), 2020 WL 6058576, at *3.

5

amended judgment was also defective because it referred both in the caption and in the body of the judgment to "Calvin J. Hill, et al[.]" without specifically delineating the names of these plaintiffs anywhere in the judgment. In accordance with La. C.C.P. art. 1951, this court issued an interim order on October 4, 2022, remanding this matter for the limited purpose of requesting the district court issue an amended judgment to correct the deficiency identified in the order. Subsequently, the appellate record was supplemented with a second amended judgment signed by the district court on October 18, 2022. Because the October 18, 2022 judgment corrected the deficiencies noted in the original and first amended judgments, we recall the show cause order previously issued and maintain this appeal.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for summary judgment show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4).[7] Appellate courts review the grant or denial of a motion for summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. *Ritchey v. State Farm Mutual Automobile Insurance Company*, 17-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 275.

In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. A genuine issue is one as to which reasonable persons could disagree. All doubts should be resolved in the non-moving party's favor. *Ritchey*, 228 So.3d at 275. The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden

---

[7] We note the motion for summary judgment at issue herein was filed and ruled upon prior to the amendment of La. C.C.P. art. 966 by 2023 La. Acts, Nos. 317 & 368, which became effective on August 1, 2023.

6

of proof at trial on an issue before the court, the mover's burden on the motion only requires him to point out to the court the absence of factual support for at least one element essential to the adverse party's claim, action, or defense. The burden then shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. Art 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Hernandez v. Livingston Parish School Board*, 21-0764 (La. App. 1st Cir. 3/30/22), 341 So.3d 680, 683.

## DISCUSSION

In granting Halliburton's motion for summary judgment, the district court concluded: (1) Halliburton was not responsible for the trespass onto the Hill property because it relied on the information provided by TMR, which was insufficient to prevent fracking on the Hill property; (2) Halliburton was not liable under La. C.C. art. 667 for any damages caused to neighboring property because it was not a "proprietor;" and (3) the Hills could not establish a negligence claim because Halliburton owed no duty to the Hills. We agree with the district court's conclusions that Halliburton acted reasonably in relying on the information provided by TMR in performing the fracking operations and was not a proprietor within the contemplation of Article 667. Nor was any evidence presented to establish Halliburton was negligent in performing the fracking operations.

Nevertheless, in dismissing the Hills' claims in their entirety, it appears the district court did not consider Halliburton's potential liability as a surety under La. R.S. 9:2773 in the event TMR is held liable under La. C.C. art. 667 for damages to

7

the Hills' property.[8] Because we find there are genuine issues of material fact concerning Halliburton's potential liability under this statute, summary judgment dismissing all of the Hills' claims against Halliburton, including its potential liability as TMR's surety under La. R.S. 9:2773, was improper.

Under Article 667, while a proprietor generally can do with his property whatever he pleases, an activity thereon that causes damage to a neighbor's property obliges the proprietor to repair the damage if certain requirements are met.[9] *Yokum v. 615 Bourbon St., L.L.C.*, 07-1785 (La. 2/26/08), 977 So.2d 859,

---

[8] The Hills' position in the district court that La. R.S. 9:2773 precluded the granting of summary judgment differs from the position they urge on appeal. The Hills now argue in brief that because of references in Sections (B) and (C) of La. R.S. 9:2773 to construction contracts and agreements, Section (A) of the statute is also applicable only to construction contracts and, therefore, is not applicable in this non-construction case to limit Halliburton's liability to that of a surety. Alternatively, they assert that should this court find La. R.S. 9:2773 is applicable, dismissal of Halliburton is precluded because Halliburton would then be required under La. R.S. 9:2773 to answer as TMR's surety if TMR is unable to satisfy any judgment rendered against it under Article 667.

We find La. R.S. 9:2773 is applicable herein. Nothing in the clear and unambiguous language of La. R.S. 9:2773(A), which refers broadly to the responsibility imposed on a "contractor" by virtue of a proprietor's liability under Article 667, limits its application to construction contracts only. Under La. C.C. art. 9, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." See also La. C.C. art. 11 ("The words of a law must be given their generally prevailing meaning.") Moreover, because La. R.S. 9:2773(A) is specifically linked by its terms to Article 667, we believe the two provisions should be given a consistent interpretation. Therefore, since a proprietor's liability under Article 667 is not limited to damages caused by construction works on his property, we likewise believe a contractor's responsibility to act as a surety for his proprietor under La. R.S. 9:2773(A) should not be limited to contractors performing construction work. See *Yokum v. 615 Bourbon St., L.L.C.*, 07-1785 (La. 2/26/08), 977 So.2d 859, 875 (the term "work" in Article 667 includes not only constructions but also activities that may cause damage); *Chaney v. Travelers Insurance Company*, 259 La. 1, 14-15, 249 So.2d 181, 186 (1971) (rejecting the position that the term "work" in Article 667 applies only to "constructions").

[9] Louisiana Civil Code article 667 provides:

> Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives.

8

869 n.23; *Chaney v. Travelers Insurance Company*, 259 La. 1, 249 So.2d 181, 186 (1971). Specifically, the proprietor is liable for damages to neighboring property when he knew or should have known the activity on his property would cause damages to the neighboring property, the damages could have been prevented by the exercise of reasonable care, and the proprietor failed to exercise such reasonable care. See La. C.C. art. 667. Further, a proprietor is liable not only for his own activity, but also for activity carried on by his contractor with his consent and permission. This liability, which the law imposes, also attaches to the contractor when his activity on the proprietor's property causes damage to a neighbor. *Chaney*, 249 So.2d at 186; *Marshall v. Air Liquide-Big Three, Inc.*, 11-0990 (La. App. 4th Cir. 9/7/12), 107 So.3d 13, 40, writs denied, 12-2392, 12-2393, 12-2397, 12-2384 (La. 12/14/12), 104 So.3d 448-51. Under La. R.S. 9:2773, however, the contractor's liability for the neighbor's damages is that of a surety only, rather than that of a principal.

In January 2008, when Halliburton fracked the well on the Wilbert property pursuant to its contract with TMR, La. R.S. 9:2773(A)[10] provided, in pertinent part:

> It is the public policy of the state that the responsibility which may be imposed on [a] ... contractor ... by reason of the responsibility of proprietors under Article 667 of the Louisiana Civil Code shall be limited solely to the obligation of such ... contractor ... to act as the surety of such proprietor in the event the proprietor is held to be responsible to his neighbor for damage caused him and resulting from the work of such ... contractor ... in the event the proprietor is unable to satisfy any claim arising out of such damage. The ... contractor ... who is responsible for damages as limited by this Section, shall have a right of action against the proprietor for any damages, costs, loss or expense which he may suffer in his capacity as the surety of the proprietor.

---

[10] This provision was amended by Acts 2021, No. 245, § 1 & 2, to be applied to any suit filed on or after the effective date of August 1, 2021. The amendment limited a contractor's obligation to act as surety for a proprietor under La. R.S. 9:2773 to instances in which the proprietor is responsible for damages caused by ultrahazardous activities. All references made to La. R.S. 9:2773 in this opinion are made to the pre-amendment version in effect in January 2008 when Halliburton performed the fracking operations at issue herein.

9

Thus, with regard to claims brought under Article 667, a contractor's responsibility is limited to merely acting as surety to the proprietor on whose property he performed the activity that damaged neighboring property in the event the proprietor is held responsible to his neighbor for the damage. See La. R.S. 9:2773(A). Because the contractor's responsibility is limited to acting as a surety, the contractor only has to pay the neighbor if the proprietor is unable to do so. See *Suire v. Lafayette City-Parish Consolidated Government*, 04-1459 (La. 4/12/05), 907 So.2d 37, 54.

As used in Article 667, the term "proprietor," has been interpreted expansively to apply not only to a landowner, but also to a person or entity whose rights derive from a landowner. *Yokum*, 977 So.2d at 874. The obligation of vicinage imposed by Article 667 is a legal servitude imposed on the owner of property *or one deriving rights from the property's owner* to refrain from conducting activities thereon that cause damage to his neighbor. See *Haynes Interests, LLC v. Garney Companies, Inc.*, 19-0723 (La. App. 1st Cir. 2/26/21), 322 So.3d 292, 306-07, writ denied, 21-00451 (La. 5/25/21), 316 So.3d 447. Thus, as a lessee of the Wilbert property, which derived its right to drill a well on that property from its owner, TMR potentially could qualify as a proprietor thereof and potentially could be liable to the Hills under Article 667 for damages to their neighboring property. Further, in the event TMR is held liable to the Hills under Article 667 and is unable to satisfy the judgment, Halliburton could be liable to the Hills as TMR's legal surety under La. R.S. 9:2773.

Based on our *de novo* review, we find unresolved issues of material fact exist regarding TMR's potential liability as a proprietor under Article 667, TMR's ability to satisfy any judgment rendered against it pursuant to Article 667, and

10

Halliburton's potential liability as a legal surety under La. R.S. 9:2773.[11] These issues of fact precluded summary judgment on the claim against Halliburton as a legal surety under La. R.S. 9:2773. Thus, the district court erred in granting Halliburton's motion for summary judgment in its entirety. Although summary judgment dismissing the Hill's claims against Halliburton as a principal was proper since La. R.S. 9:2773 limits Halliburton's potential liability to that of a surety and, moreover, no evidence of negligence by Halliburton was presented, the summary judgment was improper to the extent that it dismissed the claim against Halliburton as a surety for TMR under La. R.S. 9:2773.

## CONCLUSION

For these reasons, we reverse the district court's October 18, 2022 judgment insofar as it dismissed the Hills' claim against Halliburton Energy Services, Inc. as a legal surety for TMR pursuant to La. R.S. 9:2773. The October 18, 2022 judgment is affirmed in all other respects. This matter is remanded to the district court for further proceedings consistent with this opinion. The costs of this appeal are assessed one-half to the Hills and one-half to Halliburton.

**RULE TO SHOW CAUSE RECALLED AND APPEAL MAINTAINED; JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[11] We find no merit in Halliburton's contention that La. R.S. 9:2773 has nothing to do with the issues before the court because it withdrew its original assertion of this statute as an affirmative defense and the Hills never asserted a claim based on La. R.S. 9:2773. Since Louisiana is a fact-pleading state, plaintiffs are not required to allege the theory of the case in their petition. See La. C.C.P. art 854; *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So.2d 114, 118. Moreover, one of the requirements for a summary judgment is that the motion, memorandum, and supporting documents show that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Regardless of whether it was specifically pled by any of the parties, La. R.S. 9:2773 is substantive law potentially applicable to this matter under the facts alleged by the Hills. Moreover, as previously noted, the Hills did raise La. R.S. 9:2773 in opposition to Halliburton's motion for summary judgment. Thus, this statute is relevant to the issues before this court.